[Civ. No. 31660.    Second Dist., Div. Four.    Apr. 19, 1968.]

VIOLET ROGERS, Plaintiff and Appellant, v. FRANK CENTRONE, Defendant and Respondent.

Virgil V. Becker for Plaintiff and Appellant.

Veatch, Carlson, Dorsey & Quimby, Frederick C. Quimby, Jr., and Henry F. Walker for Defendant and Respondent.

JEFFERSON, J.—This appeal is the companion to an appeal filed in *Rogers v. Board of Education*, 2d Civil No. 31387, [*ante*, p. 355 (67 Cal.Rptr. 905)] and the decision in that appeal is filed concurrently herewith.

Plaintiff sued defendant Frank Centrone and his employers, the Los Angeles Board of Education and the Los Angeles Unified School District (hereafter School District), for injuries allegedly sustained when the automobile in which she was riding collided with a vehicle owned by the School District and being driven by Centrone. It was alleged that Cen-

trone's negligence caused the accident and that at the time he was acting within the course and scope of his employment.

Plaintiff filed her original complaint on January 3, 1966, and service of summons was made on the School District. A demurrer filed by the School District, setting up the defense of the statute of limitations, was sustained, and the action was subsequently dismissed as to the School District. From that judgment of dismissal, plaintiff brought her appeal in 2d Civil No. 31387. In our opinion in that case, we affirm the judgment of dismissal.

Apparently, after the School District secured the dismissal, plaintiff caused service of summons of her original complaint to be made on Centrone. He filed a demurrer to the complaint on June 20, 1966, asserting, as had his employer, that the action was barred by the statute of limitations. On July 6, 1966, before the hearing date on the demurrer, plaintiff filed a first amended complaint which was identical to the proposed amended complaint which she had been denied permission to file in 2d Civil No. 31387. On the same date, Centrone filed a demurrer to the first amended complaint based on the same grounds as the demurrer to the original complaint filed by his employers. On July 20, 1966, the demurrer was sustained without leave to amend. This appeal is from the judgment of dismissal which followed.

■ The trial court properly sustained the demurrer and dismissed the action. Government Code, section 950.6 provides that, when a claim against a public employee for damages for injury has been presented to the board of the employing public entity, "A suit against the public employee . . . for such injury must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board. . . ."

As pointed out in the decision filed in 2d Civil No. 31387, the accident giving rise to plaintiff's alleged cause of action occurred on April 19, 1965; through her attorney, on May 13, 1965, plaintiff presented a timely claim for damages; the claim was rejected by operation of law 45 days later, on June 28, 1965, when the School District failed to act on it; the attempt of plaintiff to file an amended claim on September 7, 1965, was ineffectual since it was not filed within the time prescribed, namely, by July 28, 1965; plaintiff had until December 28, 1965, to commence suit, six months after the claim was deemed rejected on July 28, 1965; her action was not commenced until January 3, 1966.

Plaintiff's contentions that the general demurrer was legally insufficient because it failed to state that the statute of limitations was being relied upon, leaving the ground for the demurrer to be explained in the attached points and authorities and declaration of counsel; that the lack of any showing the School District complied with Government Code, section 946.4 by filing a "roster statement," dispensed plaintiff from having to file a claim and thus dispensed her from the six-month statute of limitations; and, finally, that the claim should not have been found to have been rejected by operation of law on June 28, 1965, because the School District acted on it after that date, all were arguments urged by plaintiff in 2d Civil No 31387. As we indicate in that decision, the arguments are without merit. No useful purpose would be served by rediscussing the points here.

Plaintiff further maintains, that to provide that suit against a public employee charged with causing injury while acting within the scope of his employment, must be brought within six months after a claim for such injury has been rejected or deemed rejected by the employing public entity, is unconstitutional, being an arbitrary or unreasonable classification and in violation of the due process and equal protection clauses; that no reasonable basis exists for shortening the statute of limitations for suits against such an employee to six months rather than the normal one-year limitations period otherwise applicable. In effect plaintiff is contending that the statute sets up a special class of public employees which is arbitrary and without reason.

It must be recognized that, " 'Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. [Citations.] A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.' " (*State of California* v. *Industrial Acc. Com.*, 48 Cal.2d 365, 371 [310 P.2d 7].)

Plaintiff did not bring suit against an individual who just happened to be a public employee. If that was the case, no potential liability would have existed on the part of the employing public entity; no statute would have required presentment of a claim; and the normal one-year statute of limitations would have been applicable.

■ Here, however, a different situation is presented; the employee, at the time of the accident, was allegedly engaged in the scope of his employment. If this be the case, the employing public entity is generally liable for damage or injury caused. (Gov. Code, § 815.2.) Although not named as a party litigant in the suit, the employer is generally required to provide for the employee's defense to the action (Gov. Code, § 995); and is liable to pay any judgment had without a right to indemnification from the employee. (Gov. Code, § 825 et seq.) Certainly, such a result, indicates a reasonable basis for setting up claims procedures and providing that the statute of limitations for suit against the employee coincide with the limitations period for suits against the employing public entity.

The statute does not create a class out of a class, as plaintiff suggests, but applies to all suits against public employees for damages or injury caused by them while acting within the scope of their employment.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.