[No. D003408. Fourth Dist., Div. One. July 11, 1986.]

DONALD THEODORE JULIAN, a Minor, etc.,
Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

Schall, Boudreau & Gore and Vincent P. DiFiglia for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Senior Chief Deputy City Attorney, and Eugene P. Gordon, Chief Deputy City Attorney, for Defendants and Respondents.

## OPINION

**STANIFORTH, Acting P. J.**—Donald Theodore Julian, by and through his guardian ad litem, Donald E. Julian, appeals the order denying a petition filed pursuant to Government Code section 946.6[1] for relief from the tort claim filing requirements of section 945.4. ■ The principal question on appeal is whether the six-month period within which to commence an action for damages for personal injuries against public employees begins to run once the six-month period for instituting an action against the employing public entity is triggered by rejection of a claim for damages against the employing public entity and unnamed public employees. We answer this question in the affirmative and affirm the order.

### FACTS

On April 22, 1984, three-and-one-half-year-old Donald T. Julian (Donald) received first, second and third degree burns to one-third of his body when he fell into a fire ring that contained live coals. The fire ring was located at the beach in De Anza Cove, Mission Bay. The beach is maintained and operated by the City of San Diego (City).

On June 20, 1984, pursuant to section 945.4,[2] Donald filed a claim with the City for damages for personal injuries. Paragraph five of the claim form Donald completed asked: "Give the name(s) of the City employee(s) causing the damage or injury:" Donald answered: "Not known specifically at this time, but would include maintenance workers, Department of Harbors & Water Craft personnel including, specifically, lifeguards and maintenance workers charged with patrol, maintenance and supervision of De Anza Cove."

The claim alleges, inter alia, the fire ring Donald fell into was in a deteriorated condition, filled with sand and constituted a dangerous condition. It is alleged fire rings are maintained by the City through its employees and that "City personnel had both general knowledge of continued use of the particular fire ring to dump coals, burning wood and other burning objects, and specific knowledge the fire ring was in use on the day of the accident." The claim further alleges negligence of the City is predicated upon "creation and maintenance of a known dangerous condition, failure

---

[1]All statutory references are to the Government Code unless otherwise specified.

[2]Section 945.4 provides in pertinent part: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, . . . ."

to warn of said dangerous condition or to provide adequate protection in the form of charcoal and coal disposal containers or to take other steps to guard against the type of injury here sustained.''

By letter dated August 3, 1984, the City's claims representative informed Donald since formal denial of his claim had not been issued within the 45-day period prescribed by section 912.4, his claim was deemed denied by operation of law. Donald was also advised he had six months within which to file a court action on his claim.

On July 31, 1984, Donald's parents (the Julians) filed a claim with the City for consequential damages arising from Donald's accident. The City rejected the claim on September 14, 1984.

In early March 1985, attorneys for the Julians discovered the six-month period within which to file Donald's cause of action against the City had expired in February.

In an apparent effort to restart the clock and avoid the six-month statute of limitation, on March 5, 1985, Donald filed with the City an application to present a late claim for damages for personal injuries arising from the April 1984 accident. The proposed claim attached to the application is entitled "Claim for Damages against a Public Entity"; names the City, Terry Flynn, Armand Campillo and William Norton as defendants; and alleges substantially identical facts as the first claim denied by the City.

The City responded to the application for leave to file the late claim by letter dated April 25, 1985. The letter informed Donald, inter alia: "This letter will also serve to advise you that the City . . . will take no action on your Application to Present a Late Claim because it is our understanding that on June 20, 1984, a timely claim was presented by Attorney Robert D. Woods on your behalf for injuries arising out of the same incident for which you are filing your Application. [¶] The City . . . on August 3, 1984, responded to that claim by sending our standard 45-day denial letter. . . . [¶] In sum, it is the position of the City . . . that you have already filed a timely claim in this matter and that this claim was handled in accordance with the provisions of the California Government Code. Accordingly, your Application is being returned without further action." Thereafter, pursuant to section 946.6, Donald petitioned the superior court for an order relieving him from the claim filing requirements of section 945.4. The court denied the petition stating: "I think it is clear that there is a public policy under which the interests of the public employees and the public entity are in effect merged, so as to treat one on the same footing as the other, and that

the six-month statute of limitations as to the employees was triggered by the proceedings on the claim against the City.''

## DISCUSSION

Donald appeals the order contending denial of the petition for relief from the claim filing requirements of section 945.4 constituted an abuse of discretion because he was a minor during the entire 100-day period within which a claim against the City employees was required to be presented under section 911.2 and the application for relief was made within a reasonable time within the meaning of section 911.4, subdivision (b). These arguments are germane *only* if a separate claim against the later-named City employees was required to be presented to and acted upon by the City. *Rogers* v. *Centrone* (1968) 261 Cal.App.2d 361 [67 Cal.Rptr. 819], and *Olden* v. *Hatchell* (1984) 154 Cal.App.3d 1032 [201 Cal.Rptr. 715], guide this court to the conclusion only one claim was required and Donald's attempt to file a late claim with the City by naming the City employees allegedly responsible for creating the dangerous condition of the fire ring was ineffective to avoid the bar of the six-month statute of limitations governing his claim.

In *Rogers,* the plaintiff (Rogers) was injured in a car accident when the car in which she was riding collided with a car owned by the Los Angeles Unified School District (District) and being driven by district employee Centrone. Rogers filed a timely claim for damages. The claim was rejected by operation of law when the District failed to act on it. Seven months later, Rogers filed a complaint for damages alleging Centrone's negligence caused the accident and Centrone was acting within the course and scope of his employment at the time of the accident. Centrone demurred, asserting the action was barred by the six-month statute of limitations. The demurrer was sustained without leave to amend. Rogers appealed the judgment of dismissal that followed. The Court of Appeal affirmed the judgment holding the statute of limitations for suit against the employee coincides with the limitations period for suits against the employing public entity (§ 950.6). Section 950.6 provides in pertinent part: ''(b) A suit against the public employee . . . for [damages for] injury must be commenced within the time prescribed by Section 945.6 for bringing an action against the public entity.'' The time prescribed by section 945.6 is six months. The Court of Appeal reasoned from section 950.6 Roger's action against Centrone was barred by the six-month statute of limitations since, by statute, the employing entity is generally liable for damage or injury caused, even though it is not named as a party litigant (§ 815.2), is generally required to defend the employee (§ 995) and is generally liable to pay any judgment entered against the employee without right to indemnification from the employee (§ 825 et seq.). The

Court of Appeal rejected Roger's claim the six-month statute of limitations was unconstitutional, being an arbitrary or unreasonable classification because suits against persons not employed by public entities are governed by the one-year statute of limitations. In rejecting this argument, the court wrote: "Plaintiff did not bring suit against an individual who just happened to be a public employee. If that was the case, no potential liability would have existed on the part of the employing public entity; no statute would have required presentment of a claim; and the normal one-year statute of limitations would have been applicable. [¶] Here, however, a different situation is presented; the employee, at the time of the accident, was allegedly engaged in the scope of his employment." (*Rogers* v. *Centrone, supra,* at pp. 364-365.)

The factual allegations of the claim against the City and unnamed employees and those of the proposed late claim against the City and named employees show Donald does not seek to impose liability against individuals who just happened to be public employees. Rather, both claims reflect liability, if any, for Donald's injuries arises from the acts or omissions of the employees in the course and scope of their employment with the City resulting in the creation and maintenance of a dangerous condition. No independent or separate basis for imposing liability against the City's employees outside their employment is alleged in the proposed late claim such that the City would not be subject to potential liability.

In *Olden* v. *Hatchell, supra,* 154 Cal.App.3d 1032, the plaintiff (Olden) filed a tort action against the County of Contra Costa (County) and 20 fictitiously named defendants alleging injuries caused by the defendants' failure to provide him with necessary medical treatment and hospitalization while he was in custody at the county jail. After the six-month statute of limitations had run (§ 945.6), Olden filed an amendment to his complaint, pursuant to Code of Civil Procedure section 474, substituting the names of five employees or former employees of the County, in place of five fictitiously named defendants. The substituted employees successfully moved to strike the amendment upon the ground the claims against them were barred by the six-month statute of limitations. The Court of Appeal reversed. Olden had presented a timely claim for personal injuries to the County and "stated therein that the names of the public employees responsible for his injuries were unknown to him at that time." (*Olden, supra,* at p. 1034.) The County rejected Olden's claim. Olden timely filed the complaint for damages, alleging certain defendants fictitiously named "Doe" were responsible for the acts complained of, that their true names were unknown to him and leave to amend would be sought to add their names when ascertained. The complaint also alleged the defendants were acting within the course and scope of their agency and employment with the County. When Olden sought

to amend the complaint to substitute the names of the Doe defendants, he argued the amendment was not barred by the applicable statute of limitations because the amendment related back to the filing of the original complaint, within the six-month limitations period. The Court of Appeal agreed, holding Code of Civil Procedure section 474, applies to actions brought against public employees under section 810 et seq.

Although Code of Civil Procedure section 474 is not involved in the case at bench, the facts of *Olden* are strikingly similar. The court's discussion in *Olden* of the applicable six-month statute of limitations and the claim filing requirements of the Government Code are pertinent and instructive here. The court wrote: "Pursuant to Government Code section 945.6, a suit against a public entity on a cause of action for which a claim is required to be filed *must* be commenced within six months of service of notice of rejection of the claim. Presentation of a claim against a public employee or former public employee for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to the maintenance of an action against the employee, but presentation of a claim against the employing public entity is a prerequisite to bringing such an action. (§§ 911.2, 945.4, 950, 950.2.) *Section 945.6 requires an action against the employee to be commenced within the time prescribed for bringing an action against the public entity.* (§§ 950.2, 950.6.)" (*Olden* v. *Hatchell, supra,* 154 Cal.App.3d at p. 1034, italics added, fn. omitted.)

*Olden, supra,* acknowledges a claim for damages for injuries caused by a public employee while acting within the course and scope of his employment need not be presented before instituting a court action for such damages against the public employee. However, presentation of a claim to the employing public entity *is* a condition precedent to maintenance of a court action *and* the six-month limitations period of section 945.6 applies to such actions.

Donald's assertion a separate claim for damages against the City employees for his personal injuries was required to be presented to the City is without merit. Scrutiny of the claim submitted to the City and the proposed late claim shows the basis of potential liability is the same in each. Reasonably construed, the claims allege the injuries were sustained as a result of a dangerous condition maintained by the City by and through the three named defendants acting within the course and scope of their employment. No separate basis of liability is remotely suggested by either of Donald's claims. Indeed, the allegations of the proposed late claim include the following: "As a direct result of the negligent acts and omissions of the City and the aforenamed individuals . . . Donald . . . failed to see the [fire] ring, walked into it accidently and fell, sustaining massive burns. The negligence

of the City and the aforenamed individuals is predicated upon the creation of and maintenance of a known dangerous condition, . . ." These allegations are substantially identical to those of the first claim, the only significant difference being the substitution of names of the public employees in the later claim. In essence, the later claim amounts to no more than an attempt to amend the original claim. Such being the case, as *Olden, supra,* instructs by analogy, the amendment relates back to the date the original claim was filed. As a consequence, the six-month statute of limitations began to run from the date the claim was deemed rejected by operation of law.

From *Rogers* and *Olden,* we conclude the trial court properly denied the petition for relief from the claim filing requirements of section 945.4 because a separate claim against the City employees was not required to be presented to and acted upon by the City before suit against the employees could be commenced. Since a separate claim was not required, the application for relief from the claim filing requirements of the Government Code was properly denied because under section 950.6 the six-month statute of limitations of section 945.6 bars any action for damages for personal injuries against the City employees.

■ Donald argues affirmance of the order denying the petition for relief from the claim filing requirements of section 945.4 leads to inequitable results. His parents may proceed with their cause of action for consequential damages but he will be unable to litigate his cause of action even though he filed a timely claim for damages against the City. Delay in filing a *timely claim* caused by counsel's error has been held sufficient grounds for granting leave to file a *late claim* where the claimant was a minor under the age of 18 during the period in which to present a claim and the application for leave to file the late claim was made within a reasonable time not exceeding one year from the date of injury. (*Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843 [147 Cal.Rptr. 452].) Here, however, the scenario involves not failure of counsel to file a timely claim on behalf of a minor but failure to *commence suit* within the statutory period after the timely claim was rejected by the City. The six-month statute of limitations for bringing suit is mandatory and must be strictly complied with. (*Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524].) Failure to commence an action within the prescribed period constitutes a valid ground for dismissal, absent waiver, estoppel or a tolling period. (See *Tubbs* v. *Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671 [63 Cal.Rptr. 377, 433 P.2d 169] and *Chase* v. *State of California* (1977) 67 Cal.App.3d 808 [136 Cal.Rptr. 833].) Neither estoppel, waiver nor tolling is involved and Donald does not argue these concepts apply.

## DISPOSITION

Order is affirmed.

Butler, J., and Lewis, J., concurred.