Filed 2/22/18; pub. order 3/16/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BIG OAK FLAT-GROVELAND UNIFIED SCHOOL DISTRICT et al.,<br>        Petitioners,<br><br>        v.<br><br>THE SUPERIOR COURT OF TUOLUMNE COUNTY,<br>        Respondent;<br><br>JANE DOE,<br>        Real Party in Interest. | F074265<br><br>(Super. Ct. No. CV59658)<br><br>**OPINION** |

ORIGINAL PROCEEDING; petition for writ of mandate.  Kevin M. Seibert, Judge.

Johnson Schachter & Lewis, Jason Michael Sherman, Alesa Rose Schachter; Law Offices of Benjamin L. Ratliff and Benjamin L. Ratliff for Petitioners.

Jennifer B. Henning for California State Association of Counties as Amicus Curiae on behalf of Petitioners.

Lozano Smith, Sloan R. Simmons, Nicholas W. Smith; Keith J. Bray for California School Boards Association's Education Legal Alliance as Amicus Curiae on behalf of Petitioners.

Weintraub Tobin, Brendan J. Begley and Melissa M. Whitehead for California Association of Joint Powers Authorities as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Manly Stewart & Finaldi, John C. Manly, Vince W. Finaldi; Law Offices of Kenneth N. Meleyco, Kenneth N. Meleyco; Esner, Chang & Boyer and Holly N. Boyer for Real Party in Interest.

-ooOoo-

Petitioners, bring this writ petition, requesting that this court issue a writ of mandate directing the trial court to vacate its order overruling petitioners' demurrers to Jane Doe's first amended complaint, and to enter a new order sustaining their demurrers. Petitioners' demurrers were based on Doe's failure to present a government claim to petitioner school district (district) before commencing her judicial action against petitioners. The trial court concluded Doe's claim was statutorily exempt from the claim presentation requirement. We are called upon to interpret the interaction of two provisions of the Government Claims Act (Gov. Code, § 810, et seq.; "the Act") to determine whether they required Doe to present a government claim to a local public entity on her cause of action for childhood sexual abuse under Code of Civil Procedure section 340.1 prior to filing suit on that claim. This presents a question of first impression. We conclude the Legislature exempted such claims from the claim presentation requirement of the Act, but permitted local public entities to impose their own claim presentation requirements, which the district did. Because Doe failed to allege timely compliance with the district's claim presentation requirement, or an excuse for failure to comply, we conclude petitioners' demurrers to the first amended complaint should have been sustained. We therefore grant petitioners' petition for a writ of mandate.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe's first amended complaint alleges that, while she was a 15-year-old sophomore at a high school within the district, she was molested by a teacher, Jeremy Monn, between April 2013 and July 2013. Monn demanded that Doe keep the facts of the sexual abuse a secret. There were red flags in the teacher's conduct that should have

2.

caused the district a reasonable suspicion that Monn was engaging in sexual abuse with students. Petitioners counseled Monn about his behavior, but failed to report it to law enforcement authorities. Petitioners suggested Monn find employment elsewhere; he became a teacher in another district. There, he molested another student and that molestation was reported to police. After Monn was arrested, Doe began to understand he had manipulated and exploited her, and she reported the molestation to her guardian. Her guardian reported it to police, and a deputy district attorney instructed the guardian to delay bringing a civil case until Monn's criminal prosecution was resolved. Doe and her guardian followed this advice, although they informed the district of Doe's molestation the day after it was reported to police. After Monn was convicted, Doe filed her action on September 14, 2015. The first amended complaint contained causes of action against petitioners for negligence, negligent supervision, negligent hiring or retention, negligent failure to report the abuse, negligence per se, and sexual harassment. The original complaint alleged that no claim was presented to the district because under Government Code section 905, subdivision (m),[1] her claim for childhood sexual abuse was exempt from the claim presentation requirement.

Petitioners demurred to the first amended complaint, asserting that, although section 905(m) exempted Doe's claim from the claim presentation requirements of the Act, section 935 authorized a local public entity, such as the district, to impose its own claim presentation requirement on claims exempted by section 905; the district had enacted a policy and regulation imposing such a claim presentation requirement, and Doe had failed to comply with it. Petitioners contended Doe's action against them was barred by her failure to present a timely claim to the district before filing suit.

Doe opposed the demurrer. The trial court overruled the demurrer, concluding the Legislature's intent in enacting section 905(m) was to exempt claims of childhood sexual

---

[1] All further statutory references are to the Government Code unless otherwise indicated. Section 905, subdivision (m), will be referred to as section 905(m).

abuse from the requirement of presenting a government claim. The trial court stated there was no authority in section 935 allowing the district's ordinances or regulations to circumvent that exemption. Petitioners brought this petition for a writ of mandate to overturn the trial court's decision, asserting sections 905 and 935 are clear and, although section 905(m) exempts causes of action for childhood sexual abuse from the state-imposed claim presentation requirement, section 935 authorizes local public entities to impose their own claim presentation requirements, which the district did. Because Doe did not comply with the district's claim presentation requirement, petitioners contend her action is barred. We issued an order to show cause why the relief sought should not be granted.[2]

## DISCUSSION

### I.      Review of Order Overruling Demurrer

" 'An order overruling a demurrer is not directly appealable, but may be reviewed on appeal from the final judgment. [Citation.] Appeal is presumed to be an adequate remedy and writ review is rarely granted unless a significant issue of law is raised, or resolution of the issue would result in a final disposition as to the petitioner.' " (*Boy Scouts of America National Foundation v. Superior Court* (2012) 206 Cal.App.4th 428, 438 (*Boy Scouts*).) Here, writ review is warranted because the petition raises a significant issue regarding whether a government claim must be presented to a local public entity, pursuant to an enactment of that entity, before an action may be filed against that entity on a claim of childhood sexual abuse pursuant to Code of Civil Procedure section 340.1. Additionally, unless Doe can amend to allege facts excusing her failure to present a claim

---

[2]      We grant both parties' requests for judicial notice, with the exception of Doe's September 22, 2016, request. Exhibit No. 1 to that request duplicates exhibit No. 1 to Doe's October 28, 2016, request for judicial notice. Exhibit Nos. 2 and 3 to the September 22, 2016, request are irrelevant to the issues in this case. (See *Mangini v. R.J. Reynolds Tobacco Co*. (1994) 7 Cal.4th 1057, 1063 ["only relevant material may be [judicially] noticed"], overruled on other grounds in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

to the district, resolution of the petition in petitioners' favor will result in a final disposition of the action in their favor.

"A demurrer tests the legal sufficiency of the factual allegations in a complaint." (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.) "The standard of review for an order overruling a demurrer is de novo." (*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 182.) Although the matter arrives in this court "by the unusual path of a writ petition challenging" the order, "the ordinary standards of demurrer review still apply." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746–747 (*Stockton*).) In reviewing the ruling on a demurrer, we use the de novo standard, exercising our independent judgment concerning whether the complaint states a cause of action as a matter of law. (*Traders Sports, Inc. v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43.) We also review issues of statutory construction de novo. (*Regents*, at p. 558.) "We deem to be true all material facts properly pled." (*Traders Sports,* at p. 43.) If no liability of petitioners exists as a matter of law, we must hold that the demurrer should have been sustained and grant the writ petition. (*Ibid.*)

## II. Childhood Sexual Abuse

"Historically, claims of childhood sexual abuse were governed by a one-year statute of limitations," but the statute was tolled until the child reach the age of majority. (*Tietge v. Western Province of the Servites, Inc.* (1997) 55 Cal.App.4th 382, 385.) In 1986, the Legislature added Code of Civil Procedure section 340.1, which extended the limitations period for some claims of childhood sexual abuse. (*Tietge,* at p. 385.) In 1990, the Legislature rewrote that section, to provide that the time for commencement of an action for childhood sexual abuse " 'shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever occurs later.' " (*Ibid.*) In 1998, the Legislature expanded the scope of the statute to include claims against third

parties, other than the individual perpetrator. (*Boy Scouts, supra,* 206 Cal.App.4th at p. 440.) The 1998 amendment " 'expanded the limitations period for actions against entities that employed or supervised abusers until three years from the date the plaintiff discovers that psychological injury occurring after age 18 was due to childhood sex abuse, but no later than the plaintiff's 26th birthday. [Citations.]' [Citation.] Thus, 'the 1998 amendment imposed an *absolute bar* against instituting a lawsuit against third party defendants once the plaintiff reached the age of 26.' " (*Ibid.*) In its most recent amendment in 2002, the Legislature enacted an exception to that absolute bar, applicable to a third party defendant who " ' "knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person." ' " (*Ibid.*)

The current version of Code of Civil Procedure section 340.1, subdivision (a), provides:

> "(a) In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions:

> "(1) An action against any person for committing an act of childhood sexual abuse.

> "(2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff.

> "(3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff." (Code Civ. Proc., § 340.1, subd. (a).)

" 'Childhood sexual abuse' [is defined as] any act committed against the plaintiff that occurred when the plaintiff was under the age of 18 years and that would have been proscribed by" specified sections of the Penal Code.[3]

## III. Government Claim Presentation Requirements

The intent of the Act " 'is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances:  immunity is waived only if the various requirements of the act are satisfied.' " (*Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 829.)  There are multiple policies or purposes underlying the provisions of the Act that require presentation of a claim to a public entity prior to filing suit and prescribe limited time frames in which to do so.  (*City of Ontario v. Superior Court* (1993) 12 Cal.App.4th 894, 902–903 (*Ontario*).)  "Requiring a person allegedly harmed by a public entity to first present a claim to the entity, before seeking redress in court, affords the entity an opportunity to promptly remedy the condition giving rise to the injury, thus minimizing the risk of similar harm to others.  [Citations.]  The requisite timely claim presentation before commencing a lawsuit also permits the public entity to investigate while tangible evidence is still available, memories are fresh, and witnesses can be located.  [Citations.]  Fresh notice of a claim permits early assessment by the public entity, allows its governing board to settle meritorious disputes without incurring the added cost of litigation, and gives it time to engage in appropriate budgetary planning.  [Citations.]  The notice requirement under the government claims statute thus is based on a recognition of the special status of public entities, according them greater protections than nonpublic entity defendants, because unlike nonpublic defendants, public entities whose acts or omissions are alleged to have caused harm will incur costs that must ultimately be borne by the taxpayers." (*Shirk v. Vista Unified School Dist*. (2007) 42 Cal.4th 201, 213 (*Shirk*).)  " 'It

---

[3]    The specified sections include all or portions of Penal Code sections 266j, 285, 286, 288, 288a, 289, and 647.6.  (Code Civ. Proc., § 340.1, subd. (e).)

7.

is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.' " (*Stockton, supra,* 42 Cal.4th at p. 738.)

"Government Code section 905 requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed. Failure to present a timely claim bars suit against the entity." *(Stockton, supra*, 42 Cal.4th at p. 734, fn. omitted; §§ 905, 945.4.) The term "local public entity" includes a school district. (§ 900.4; *Johnson v. San Diego Unified School Dist*. (1990) 217 Cal.App.3d 692, 699.) A claim relating to a cause of action for personal injury must be presented to the local public entity "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) The date of accrual of the cause of action for claim presentation purposes is the same as the date of accrual that applies for statute of limitations purposes in the absence of a claim presentation requirement. (§ 901.) "The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' [Citation.] In other words, it sets the date as the time when the cause of action is complete with all of its elements." (*Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 397.) "Generally, a cause of action for childhood sexual molestation accrues at the time of molestation." (*Shirk*, *supra*, 42 Cal.4th at p. 210.) The basic rule of accrual is modified by the discovery rule. (*Jolly v. Eli Lilly & Co*. (1988) 44 Cal.3d 1103, 1109.) "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." (*Id*. at p. 1110, fn. omitted.)

Under the Act, "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239, fn. omitted (*Bodde*).) " '[T]he filing of a claim for damages "is more than a procedural requirement, it is a condition

precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action." ' " (*Id*. at p. 1240.) "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*Id*. at p. 1239, fn. omitted.)[4]

Section 905 lists 15 exceptions to the requirement that a claim be presented to a local public entity before an action for money or damages may be filed against it. One of the exceptions, which was added to the statute in 2008, is for "[c]laims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual abuse." (§ 905(m).) Doe contends her action is one for childhood sexual abuse under Code of Civil Procedure section 340.1, therefore section 905(m), exempted her action from the claim presentation requirement. Accordingly, she was not required to comply with, and her complaint was not required to allege compliance with, the claim presentation requirement of section 905. Instead, her first amended complaint alleged that, pursuant to section 905(m), she was not required to present a claim to the district before filing her action against the district and its employees.

Section 935, however, provides in part:

> "(a) Claims against a local public entity for money or damages which are excepted by Section 905 from Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part, and which are not governed by any other statutes or regulations expressly relating thereto, shall be governed by the procedure prescribed in any charter, ordinance or regulation adopted by the local public entity.

---

[4]    Presentation of a claim to the employing public entity is also a prerequisite to bringing an action against a public employee or former public employee for an injury resulting from an act or omission in the scope of that employee's public employment. (*Julian v. City of San Diego* (1986) 183 Cal.App.3d 169, 175–176.)

"(b) The procedure so prescribed may include a requirement that a claim be presented and acted upon as a prerequisite to suit thereon." (§ 935, subds. (a), (b).)

Petitioners contend the district enacted such a regulation on January 4, 2008, before Doe's cause of action accrued, when it enacted Board Policy 3320 and Administrative Regulation 3320. Petitioners' Board Policy 3320 provides, in pertinent part:

> "Any and all claims for money or damages against the district shall be presented to and acted upon in accordance with Board policy and administrative regulation. [¶] . . . [¶] Compliance with this policy and accompanying administrative regulation is a prerequisite to any court action, unless the claim is governed by statutes or regulations which expressly free the claimant from the obligation to comply with district policies and procedures and the claims procedures set forth in the Government Code."

Administrative Regulation 3320 provides, in part:

> "The following time limitations apply to claims against the district:
>
> "1. Claims for money or damages relating to a cause of action for death or for injury to person, personal property or growing crops shall be presented to the Governing Board not later than six months after the accrual of the cause of action. (Government Code 905, 911.2)
>
> "2. Claims for money or damages specifically excepted from Government Code 905 shall be filed not later than six months after the accrual of the cause of action. (Government Code 905, 911.2, 935)"

The administrative regulation also specifies procedures for presentation of late claims and sets time limits for the board's action on claims presented, in accordance with the Act.

## IV. Statutory Interpretation

### A. *Plain meaning*

Interpretation and application of statutes are questions of law, which we review de novo. (*Boy Scouts*, *supra*, 206 Cal.App.4th at p. 446.) "Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the

purpose of the statute." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.)  In construing legislative intent, we give "the language its usual, ordinary import and accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.  A construction making some words surplusage is to be avoided." (*A.M. v. Ventura Unified School Dist*. (2016) 3 Cal.App.5th 1252, 1257.)  If there is no ambiguity in the language, "then we presume the lawmakers meant what they said, and the plain meaning of the language governs.  [Citations.]  If, however, the statutory terms are ambiguous, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.  [Citation.]  In such circumstances, we ' "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." ' " (*Day,* at p. 272.)

Section 905 provides:  "There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities except any of the following . . . ."  Section 945.4 provides that, with exceptions not relevant here, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board."  The plain meaning of the language of these statutes requires that all claims for money or damages against a local public entity be presented to that local public entity, and be rejected or deemed rejected by it, before the claimant may file an action against the public entity in court, unless the claim falls within one of the listed exceptions.  Section 905(m) excepts from the claim presentation requirement "[c]laims made pursuant to Section 340.1 of the Code of Civil Procedure for the recovery of damages suffered as a result of childhood sexual abuse."

11.

Thus, under section 905, no claim is required to be presented under the Act prior to filing suit against a local public entity for damages resulting from childhood sexual abuse.

The plain meaning of the language of section 935 permits the local public entity to impose its own claim presentation requirement on claims that section 905 excepts from the Act's claim presentation requirements, as long as the local claim presentation period is no shorter than the period prescribed by the Act (six months, in this case). (§§ 935, subds. (a), (b), (c), 911.2, subd. (a).) The district's Board Policy 3320 and Administrative Regulation 3320 impose such a claim presentation requirement on claims exempted by section 905 from the claim presentation requirements of the Act. They require presentation of a claim falling within any of the 15 exempt categories of claims within six months after accrual of the cause of action.

Doe asks that we consider the legislative history of the enactment of subdivision (m) of section 905, but she has not identified any language of the section that is ambiguous and requires interpretation. If statutory language is clear and unambiguous, there is no need for construction; we resort to the legislative history of the statutory provision only if its terms are ambiguous. (*Ontario*, *supra*, 12 Cal.App.4th at p. 901.) Section 905(m) is clear. There is no dispute that it exempts causes of action for childhood sexual abuse from the claim presentation requirements of the Act. Thus, because no ambiguity in section 905(m) has been shown, we have no occasion to consider the legislative history of that provision.

The parties disagree, however, about the effect of section 935 on Doe's claim presentation obligations. As the court in *Ontario* stated, "Sections 905 and 935, read together, are perfectly clear. Section 905 creates exemptions from the state-mandated claims procedure; section 935 permits local public entities to enact their own procedures to cover the exempted claims. Section 935, by its terms, covers *all* '[c]laims against a local public entity for money or damages which are excepted by Section 905.' " (*Ontario*, *supra*, 12 Cal.App.4th at pp. 901–902.) Thus, a local public entity may impose

12.

its own claim presentation requirement on any of the types of claims listed in section 905, including claims described in section 905(m).

Section 935, subdivision (a), provides that claims against local public entities that are excepted by section 905 from the Act's claim presentation requirement, "and which are not governed by any other statutes or regulations expressly relating thereto," are governed by the local public entity's procedures. Doe contends her claim under section 905(m) is governed by another statute, because section 905(m) expressly mentions Code of Civil Procedure section 340.1. We disagree.

Section 935 is concerned with the claim procedures for claims against local public entities. Subdivision (a) permits a local public entity to impose claim procedures on claims that are exempted from the Act's claim presentation requirement by section 905. Subdivision (b) of section 935 permits those procedures to include a claim presentation requirement. Subdivisions (c), (d), and (e) impose requirements and restrictions on what those procedures may include. In context, the language "not governed by any other statutes or regulations expressly relating thereto" refers to statutes or regulations expressly addressing local public entity claim procedures. (§ 935, subd. (a).) Code of Civil Procedure section 340.1 sets the statute of limitations on actions for childhood sexual abuse. It does not address procedures for prelitigation claims against local public entities. Code of Civil Procedure section 340.1 is not another statute that governs claim presentation procedures for claims of childhood sexual abuse, and it does not preclude a local public entity from applying its own claim presentation requirement to causes of action brought pursuant to that statute.

Our interpretation is supported by *California School Employees Assn. v. Azusa Unified School Dist*. (1984) 152 Cal.App.3d 580 (*Azusa*). *Azusa* was an action by a union to recover unpaid wages for its members. The defendant district argued, among other things, that the action was barred by the union's failure to comply with the claim presentation requirements of the Act. (*Azusa,* at p. 584.) The court concluded that, while

13.

the wage claim was exempt from the Act's claim presentation requirements pursuant to section 905, subdivision (c), the district had adopted its own policy requiring presentation of claims for wages. (*Azusa,* at pp. 586–587.) Presentation of a claim pursuant to that policy was a prerequisite to filing suit for unpaid wages. (*Id.* at p. 587.) Relying on the " 'not governed by any other statutes' " language, the union argued the wage statute took precedence over the claim filing procedures prescribed by the Act. (*Azusa*, at p. 587, fn. 3.) The court rejected the union's argument: "This argument is without merit. [The wage statute] does not prescribe the procedures for filing a claim for wages. Rather, this section only gives rise to the duty to pay wages. A reasonable construction of the language of Government Code section 935, when taken as a whole, permits a local entity to adopt the claims procedures prescribed by the Government Code or some other procedure for claims otherwise excepted from the filing requirements of Government Code section 900 et seq." (*Ibid.*)

Similarly, in *Tapia v. County of San Bernardino* (1994) 29 Cal.App.4th 375 (*Tapia*), the petitioner sought retroactive payment of salary and benefits from her employment with the county in a dispute over whether she was disabled. The county demurred, asserting the petitioner had failed to allege compliance with the claim presentation requirements. Although claims for salary were exempted by section 905, subdivision (c) from the claim presentation requirement set out in the Act, pursuant to section 935 the county had adopted an ordinance requiring presentation of a claim. In accordance with section 935, it required presentation of a claim for all categories of claims listed as exceptions in section 905. (*Tapia*, at p. 383.) The trial court found the ordinance did not apply because the claim was governed by the wage statute in issue and therefore was excluded by section 935, subdivision (a). (*Tapia*, at pp. 383–384.) The appellate court disagreed. It concluded the statute in issue, like the statute in *Azusa*, did " 'not prescribe the *procedures* for filing a claim.' " (*Tapia,* at p. 384.) The fact that the statute prescribed a substantive duty on which the petitioner's claim was based was

14.

"irrelevant to the failure to prescribe the procedures for presenting a claim." (*Ibid.*) Because the statute did not prescribe the procedures for presenting a claim, the petitioner's claim was not "governed thereby," and she was required to present a claim to the county under the claims ordinance. (*Ibid.*)

Doe argues that, unlike *Azusa* and *Tapia*, the statute here, Code of Civil Procedure section 340.1, governs the procedure for bringing a claim under that section. That section prescribes "the time for commencement of the action" for childhood sexual abuse. (Code Civ. Proc., § 340.1, subd. (a).) It does not mention, much less prescribe, the time or procedure for presenting a claim to a public entity prior to commencing an action for childhood sexual abuse. We agree with *Azusa* and *Tapia* that the type of statute referred to in section 935, subdivision (a), is a statute that prescribes procedures, such as claim presentation, for processing claims against a local public entity prior to filing suit against it.

The Supreme Court in *Shirk, supra,* 42 Cal.4th 201 made the distinction between a statute of limitations and a statute or regulation imposing a claim presentation requirement. In *Shirk,* the court considered whether a 2002 amendment to Code of Civil Procedure section 340.1, which provided that certain causes of action for childhood sexual abuse that otherwise would have been barred solely by the applicable statute of limitations were revived during 2003, also revived a cause of action for childhood sexual abuse that was barred by the plaintiff's failure to present a timely claim to the local public entity defendant. (*Shirk,* at pp. 204–205.) The court stated: "In plain language, that provision expressly limited revival of childhood sexual abuse causes of action to those barred 'solely' by expiration of the applicable statute of limitations. [Citation.] The term ' "[s]tatute of limitations" is the collective term applied to acts or parts of acts that prescribe the periods beyond which a plaintiff may not bring a cause of action.' " (*Id.* at pp. 211–212.) The revival provision of Code of Civil Procedure section 340.1, however, made "no reference whatsoever to any revival of the period in which to present a claim

15.

under the government claims statute." (*Shirk,* at p. 212.) A cause of action barred by failure to present a timely claim "is not barred 'solely' by lapse of the applicable statute of limitations, the phrasing that the Legislature used in the revival provision . . . . [T]he government claim presentation deadline is not a statute of limitations. Had the Legislature intended to also revive . . . the claim presentation deadline under the government claims statute, it could have easily said so. It did not." (*Id.* at p. 213.) Accordingly, the court concluded the claim presentation provisions of the Act were not affected by the amendment to the provision of Code of Civil Procedure section 340.1, which affected only the statute of limitations applicable to causes of action for childhood sexual abuse. (*Shirk,* at p. 213.)

We conclude Code of Civil Procedure section 340.1 is not another statute expressly relating to government claims for childhood sexual abuse against a local public entity, which governs such claims and precludes the local public entity from imposing its own claim presentation procedures on such claims pursuant to section 935.

Doe also argues that language in the district's provisions renders the district's claim presentation requirement inapplicable. The district's Board Policy 3320 provides: "Compliance with this policy and accompanying administrative regulation is a prerequisite to any court action, unless the claim is governed by statutes or regulations which expressly free the claimant from the obligation to comply with district policies and procedures and the claims procedures set forth in the Government Code." While section 905(m) "free[s] the claimant [on a childhood sexual abuse cause of action] from the obligation to comply with . . . the claims procedures set forth in the Government Code," it does not "free the claimant from the obligation to comply with district policies and procedures." Section 935 expressly permits the district to impose its own claim procedures, despite the provision in section 905 excepting causes of action for childhood sexual abuse from compliance with the Act's claim presentation procedures. Thus, the

16.

exception in Board Policy 3320 does not excuse compliance with the district's claim presentation requirement in this case.

### B.    *Implied repeal of section 935*

Doe's interpretation of section 905 as exempting childhood sexual abuse claims from local public entity claim presentation requirements, in addition to the claim presentation requirements set out in the Act, would effectively repeal or negate section 935 as to those claims. Doe has not pointed us to any language in either statute that would support this interpretation. Rather, she contends the legislative history of the amendment adding subdivision (m) to section 905 indicates this was the Legislature's intent. As previously discussed, however, Doe has not identified any ambiguous language in section 905(m) that requires interpretation by looking to the legislative history of that provision for the legislative intent. (See *DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)

Even if we were to look at the legislative history of section 905(m), we could not construe that provision as eliminating the claim presentation requirement imposed by the district's enactments. In 2007, the California Supreme Court issued its decision in *Shirk*, concluding that, although the Legislature had amended Code of Civil Procedure section 340.1 to lengthen the limitations period for bringing actions for childhood sexual abuse and had revived certain causes of action for childhood sexual abuse on which the statute of limitations had already run, it had not changed the requirement that the claimant present a timely government claim prior to filing suit against a public entity. (*Shirk*, *supra*, 42 Cal.4th at pp. 210–214.) Because the plaintiff had not presented a timely claim, her action was barred. (*Id*. at pp. 210, 213–214.)

In 2008, the Legislature responded by enacting section 905(m). (Stats. 2008, ch. 383, § 1.) Doe presented two items she asserts express the legislative intent behind the 2008 amendment. A bill analysis by the Assembly Committee on Judiciary, dated June 24, 2008, stated: "This bill provides that childhood sexual abuse claims against

17.

local public entities are not subject to the Tort Claims Act."[5]  It noted supporters of the bill complained "that the six-month claim requirement of the Tort Claims Act unfairly penalizes child sexual abuse victims who are abused by public employees and that they should be given the same legal protections as all other victims."  Further, "[t]his bill is intended to address the *Shirk* decision by expressly providing that childhood sexual abuse actions against public entities are exempted from government tort claims requirements and the six-month notice requirement."  (Italics added.)  The bill's author stated the bill "would respond to the *Shirk* decision by specifically exempting Section 340.1 civil actions for childhood sexual abuse from government tort claim requirements, thereby treating Section 340.1 actions against public entities the same as those against private entities."  (Italics added.)  The assembly committee analysis also noted there were (at that time) 12 other types of claims exempted from the Act's claim presentation requirements.  For each type, a separate code section set forth the applicable statute of limitations for that type of claim; the same would be true of childhood sexual abuse, because Code of Civil Procedure section 340.1 "sets forth timeframes within which civil actions based upon childhood sexual abuse must be brought."  The Senate's analysis, dated July 14, 2008, contains similar information.

In the legislative history of section 905(m) that was presented to this court, there was no mention of section 935.[6]  The Legislature did not repeal, amend, or make an

---

[5]      "Tort Claims Act" is a phrase that has been used to refer to the Act.  In *Stockton, supra,* 42 Cal.4th 730, the Supreme Court recognized that "Tort Claims Act" was a misnomer because the Act also governs at least some contract claims.  It therefore "adopt[ed] the practice of referring to the claims statutes as the 'Government Claims Act,' to avoid the confusion engendered by the informal short title 'Tort Claims Act.' "  (*Stockton,* at p. 734.)

[6]      This omission is peculiar.  The context in which government employees most regularly interact with children is through local public entities.  And the Legislature's clear intent of adding subdivision (m) to section 905 was to make it easier for certain child sexual abuse claimants to sue the government without having to first present a government claim.  It is odd, then, that the legislative history does not mention section 935, which provides local public entities a way that could, in effect, thwart that purpose.  (See § 935, subds .(a)–(b).)  One possible explanation is that when the Legislature amended section 905, it was unaware of section 935, or failed to understand its impact.  While our rules of statutory construction have us

18.

exception to the portion of section 935 that permits a local public entity to prescribe its own claim procedures for the categories of claims excepted by section 905 from the claim procedures of the Act. The legislative history did not indicate claims described in section 905(m) were to be treated differently from claims described in the other subdivisions of section 905, for which local public entities are authorized to prescribe their own claim procedures. The legislative history referred to exempting causes of action for childhood sexual abuse from the Act. It did not mention exempting them from local entities' own claim presentation requirements or from the effect of section 935. Although the bill's author opined that the bill would " 'treat[] Section 340.1 actions against public entities the same as those against private entities,' " the language chosen did not have that effect.

"[T]he judicial function is simply to ascertain and declare what is in terms or in substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. [Citation.] Courts cannot depart from the meaning of language in a statute which is free from ambiguity, even though the consequence would be to defeat the object of the statute." (*Martinez v. Allstate Ins. Co*. (1968) 261 Cal.App.2d 754, 757.) Section 905(m) unambiguously exempts causes of action for childhood sexual abuse from the Act's claim presentation requirements. Equally unambiguously, section 935 permits a local public entity to enact its own claim presentation procedures for causes of action exempted from the Act's claim requirements by section 905. "The Legislature is deemed to be aware of existing statutes, and we assume that it amends a statute in light of those preexisting statutes." (*Shirk*, *supra*, 42 Cal.4th at p. 212.) Accordingly, we assume that the Legislature, by amending section 905 without making a corresponding change to section 935, intended to leave section 935 intact. It is a cardinal rule of statutory

---

presume the Legislature is aware of existing statutes when it amends the law, (at p. 20, *post)* we acknowledge that this rule is often a necessary fiction to foster consistency in the interpretation of statutes. If the conclusion we reach under the rules of statutory construction that we must follow does not reflect the Legislature's intentions, it is in the Legislature's province, not ours, to address the issue.

construction that the court must not insert what has been omitted, or omit what has been inserted. (Code Civ. Proc., § 1858; *Boy Scouts*, *supra*, 206 Cal.App.4th at p. 446.) "We may not, under the guise of construction, rewrite the law." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349.) We cannot rewrite section 905(m) to exempt causes of action for childhood sexual abuse from the claim presentation requirements imposed by local entities, in addition to those imposed by the Act. Nor can we rewrite section 935 to exclude childhood sexual abuse causes of action described in section 905(m) from section 935's authorization to local public entities to impose their own claim presentation requirements on causes of action in the categories listed in section 905.

"Generally, we will presume that the enactment of a statute does *not* impliedly repeal existing statutes." (*Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 13, 22.) "Where two statutes touch upon a common subject, we must construe them with reference to each other and seek to harmonize them in such a way that neither becomes surplusage." (*Lincoln Place Tenants Assn v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 440.) "The governing principles in determining whether a statute repeals another by implication are well established. [Citation.] The law shuns repeals by implication. [Citation.] In fact, ' "[t]he presumption against implied repeal is so strong that, 'To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " ' " (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc*. (1998) 17 Cal.4th 553, 569.) Sections 905 and 935 are not " ' " 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' " (*Stop Youth Addiction*, at p. 569.) They are, in fact, coordinated. "Section 905 creates exemptions from the state-mandated claims procedure; section 935 permits local public entities to enact their own procedures to cover the

20.

exempted claims.  Section 935, by its terms, covers *all* '[c]laims against a local public entity  for money or damages which are excepted by Section 905.' " (*Ontario*, *supra*, 12 Cal.App.4th at pp. 901–902.)

Doe argues that, even in *Ontario*, the court stated "that, in applying the 'plain meaning' rule, '[l]iteral construction should not prevail if it is contrary to the legislative intent apparent in the statute.' " (*Ontario*, *supra*, 12 Cal.App.4th at p. 902.)  The intent apparent in section 905(m) was to exempt causes of action for childhood sexual abuse from the state imposed claim presentation requirements of the Act.  There was no legislative intent apparent in section 905, or in the amendment that added subdivision (m), to amend, repeal, or render nugatory section 935, either with respect to causes of action described in section 905 in general or with respect to causes of action described in section 905(m) specifically.

Doe has not identified any ambiguity in the language of section 905(m) or section 935 that would warrant resort to the legislative history of either statute.  We decline to hold that any portion of section 935 has been impliedly repealed by the enactment of section 905(m), when the two can be harmonized to give effect to both.

### C. *Legislative Counsel Bureau letter*

Doe also refers us to a letter from the Legislative Counsel Bureau (Legislative Counsel) to Senator Jim Beall, dated March 11, 2016, apparently as evidence of legislative intent.  The Legislative Counsel states that "section 935, subdivision (a) permits a school district to adopt a procedure for the presentation of a claim excepted by section 905 only if it is not governed by a statute or regulation that expressly relates to the claim."  It opines:  "Section 905 lists childhood sexual abuse claims among its exceptions, and defines those claims in terms of the statute that establishes the timeframe for victims of childhood sexual abuse to file lawsuits—that is, '[c]laims made pursuant to Section 340.1.'  By definition, then, such claims are expressly governed by statute.  It follows necessarily that such claims do not fall within the class of claims excepted by

section 905 for which a local public entity may adopt its own claims procedure." (Fns. omitted.) The letter, however, was written years after the legislation enacting section 905(m) was passed.

"Opinions of the Legislative Counsel ordinarily are 'prepared to assist the Legislature in its consideration of pending legislation' [citation], and therefore such opinions often shed light on legislative intent." (*St. John's Well Child & Family Center v. Schwarzenegger* (2010) 50 Cal.4th 960, 982.) In contrast, when an opinion was not part of the legislative history, but was prepared long after adoption of the statute, "[i]t is, rather, a *post hoc* expression of the Legislative Counsel's opinion of what the Legislature meant when it adopted [the statute]; and like any such opinion—even that of an appellate court—it is only as persuasive as its reasoning." (*Grupe Development Co. v. Superior Court* (1993) 4 Cal.4th 911, 922.) The Legislative Counsel's opinion does not consider or apply *Azusa* and *Tapia*, which held, contrary to the Legislative Counsel's conclusion, that the phrase " 'not governed by any other statutes or regulations expressly relating thereto,' " as used in section 935, refers to statutes or regulations that prescribe the procedures for presenting a claim to public entity. (*Azusa*, *supra*, 152 Cal.App.3d at p. 587, fn. 3; *Tapia*, *supra*, 29 Cal.App.4th at p. 384.) As previously discussed, Code of Civil Procedure section 340.1 is not such a statute. It does not govern claim presentation, but sets out the statute of limitations for filing an action in court.

Further, the cases on which the opinion relies for the proposition that, effective January 1, 2009, the government claim presentation requirement no longer applied to causes of action for childhood sexual abuse, did not discuss the effect of section 935. (See *S.M. v. Los Angeles Unified School Dist.* (2010) 184 Cal.App.4th 712, 721–722, fn. 6; *J.P. v. Carlsbad Unified School Dist.* (2014) 232 Cal.App.4th 323, 333, fn. 6.) The Legislative Counsel's opinion likewise neglects to mention or discuss that statute. Consequently, we do not find the Legislative Counsel's opinion persuasive.

### D. Other arguments

We reject Doe's argument that the district's regulation was barred because a local public entity cannot enact a regulation that is inconsistent with state statute. While liability of local government entities for torts is a matter of state concern, and thus may not be regulated by local ordinances or regulations inconsistent with state law as established by the Government Claims Act, the district did not enact inconsistent legislation, but merely exercised the authority affirmatively granted to it by the state in section 935. (*Ontario*, *supra*, 12 Cal.App.4th at pp. 899–900.)

Doe argues the district failed to show that its board policy and administrative regulation barred her action due to failure to present a timely claim. She asserts Board Policy 3320 and Administrative Regulation 3320 are inconsistent with each other, and the board policy excludes causes of action described in Code of Civil Procedure section 340.1 from the claim presentation requirement. Her contention is without merit.

Board Policy 3320 identifies the causes of action for which a claim must be presented prior to filing suit. Administrative Regulation 3320 complements it by prescribing the time periods within which claims must be presented. Board Policy 3320 states: "Any and all claims for money or damages against the district shall be presented to and acted upon in accordance with Board policy and administrative regulation. [¶] . . . [¶] Compliance with this policy and accompanying administrative regulation is a prerequisite to any court action, unless the claim is governed by statutes or regulations which expressly free the claimant from the obligation to comply with district policies and procedures and the claims procedures set forth in the Government Code." The board policy requires claim presentation unless a statute or regulation expressly frees the claimant from compliance with both the claim procedures of the Act and the claim procedures established by the district. While section 905(m) freed Doe from compliance with the claim presentation requirements of the Act, Doe has cited no statute or

23.

regulation that expressly freed her from compliance with the district's claim presentation requirements. Section 935, in fact, required such compliance.

Administrative Regulation 3320 sets out the time limits for presentation of claims against the district:

> "1. Claims for money or damages relating to a cause of action for death or for injury to person, personal property or growing crops shall be presented to the Governing Board not later than six months after the accrual of the cause of action. (Government Code 905, 911.2)

> "2. Claims for money or damages specifically excepted from Government Code 905 shall be filed not later than six months after the accrual of the cause of action. (Government Code 905, 911.2, 935)"

The first subdivision merely repeats the time requirements of the Act, referencing the applicable statutes. Doe seems to contend the second subdivision is inconsistent with Board Policy 3320 because it does not contain the same limitation excluding claims "governed by statutes or regulations which expressly free the claimant from the obligation to comply with district policies and procedures and the claims procedures set forth in the Government Code" that is set out in Board Policy 3320. The second subdivision governs those claims excepted from section 905, but for which the district requires presentation of a claim. If the district did not require presentation of a claim, or if a statute or regulation freed the claimant from the district's claim presentation requirement, no time limit would be needed because no claim presentation would be required. In other words, Administrative Regulation 3320 would not apply. Thus, the provisions of Board Policy 3320 and Administrative Regulation 3320 are not inconsistent.

Doe appears to argue the district has not shown it complied with section 53051, which requires public entities to file a statement containing certain identifying information with the Secretary of State and the county clerk in each county where the public entity has an office; it also requires the Secretary of State and county clerks to maintain the information in a Roster of Public Agencies. Section 946.4 provides that,

24.

when a claim must be presented prior to filing a lawsuit against a public entity, the failure to present a claim does not constitute a bar or defense to the maintenance of a suit against the public entity if the public entity has not provided the statement containing information for the Roster of Public Agencies or if the information in the Roster "is so inaccurate or incomplete that it does not substantially conform to the requirements of Section 53051." (§ 946.4, subd. (a)(2).) "The purpose of the statute requiring information for the Roster of Public Agencies (§ 53051) was to provide a means for identifying public agencies and the names and addresses of designated officers needed to enable or assist a person to comply with any applicable claims procedure." (*Tubbs v. Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 676.) Relieving a plaintiff of the claim presentation requirements when the public entity fails to comply with section 53051 provides an incentive for public entities to comply with that section. (*Wilson v. San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555, 562.)

In this proceeding we are reviewing the trial court's ruling on a demurrer. Compliance with the claim presentation requirement is an element of Doe's cause of action against the district. (*Bodde, supra*, 32 Cal.4th at p. 1240.) To survive a demurrer, Doe's complaint must allege facts either demonstrating or excusing compliance with the requirement of claim presentation. (*Id*. at pp. 1240–1241.) Doe's complaint did not allege compliance. It also did not allege facts showing Doe's compliance was excused by the district's failure to maintain accurate information in the Roster of Public Agencies, in compliance with section 53051. Doe has not asserted she could amend her complaint to truthfully allege the district's failure to comply with section 53051 as a means of excusing her failure to present a timely claim to the district.

We conclude none of Doe's contentions excuse her failure to allege compliance or excuse from compliance with the claim presentation requirements of the district's board policy and administrative regulation.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order overruling petitioners' demurrers to the first amended complaint and to enter a new order sustaining the demurrers. Respondent court is directed to determine whether any request by Doe for leave to amend her pleading should be granted. Petitioners are entitled to their costs on appeal.

_____

HILL, P.J.

WE CONCUR:


_____

POOCHIGIAN, J.


_____

DETJEN, J.

**<u>CERTIFIED FOR PUBLICATION</u>**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BIG OAK FLAT-GROVELAND UNIFIED SCHOOL DISTRICT et al.,<br>        Petitioners,<br><br>        v.<br><br>THE SUPERIOR COURT OF TUOLUMNE COUNTY,<br>        Respondent;<br><br>JANE DOE,<br>        Real Party in Interest. | F074265<br><br>(Super. Ct. No. CV59658)<br><br><br>**ORDER GRANTING REQUESTS FOR PUBLICATION** |

As the nonpublished opinion filed on February 22, 2018, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is hereby ordered that the opinion be certified for publication in the Official Reports.

                                                                        HILL, P.J.

WE CONCUR:


POOCHIGIAN, J.


DETJEN, J.

27.