Filed 4/16/19; Certified for Publication 5/13/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GLOBAL FINANCIAL DISTRIBUTORS et al., <br><br> Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> ROSEMARY PERERA, individually and as Trustee, etc., et al., <br><br> Real Parties in Interest. | B291814 <br><br> (Los Angeles County Super. Ct. No. BC672524) |

ORIGINAL PROCEEDINGS in mandate. Teresa A. Beaudet, Judge. Petition granted.

Manning & Kass Ellrod, Ramirez, Trester, James E. Gibbons and Steven J. Renick for Petitioners.

No appearance for Respondent.

Blakeman Law and Benjamin Blakeman for Real Parties in Interest.

# INTRODUCTION

This proceeding arises out of tension between two statutes governing the procedures for making a motion to stay or dismiss an action on the ground of inconvenient forum.  Code of Civil Procedure section 418.10, subdivision (a),[1] provides that a defendant may file such a motion "on or before the last day of his or her time to plead," and section 418.10, subdivision (e), provides that a defendant may also file such a motion "simultaneously" with an answer, demurrer, or motion to strike.  Subdivision (e)(3) of that statute further provides that "[f]ailure to make a motion under this section at the time of filing a demurrer or motion to strike constitutes a waiver of the issue[ ] of . . . inconvenient forum."

Section 410.30, subdivision (a), provides that a defendant may file a motion to stay or dismiss an action if, "in the interest of substantial justice," the action "should be heard" in another state.  Subdivision (b) of that statute states:  "The provisions of Section 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance."

The defendants in this case, after filing two demurrers, filed a motion to stay or dismiss on the ground of inconvenient forum pursuant to a forum selection clause providing for venue in Georgia.  The trial court concluded it was untimely under section 418.10, subdivision (e).

We conclude it was timely under section 410.30.  Section 418.10 applies before a defendant has made a general

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

appearance. It allows a defendant filing a motion to dismiss an action for lack of personal jurisdiction to file simultaneously a motion to stay or dismiss the action for inconvenient forum, without having the latter motion constitute a general appearance. Section 410.30 applies after a defendant has made a general appearance. Because the defendants in this case filed their motion to stay or dismiss on the ground of inconvenient forum after they had appeared in the action by filing demurrers, section 410.30 applied, and the motion was not untimely. Therefore, we grant the defendants' petition for writ of mandate challenging the trial court's order denying the motion as untimely under section 418.10, subdivision (e).

## FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2017 a group of clients sued their financial advisors for making alleged misrepresentations in the sale of "leveraged planning" life insurance policies. Apparently, the investment was supposed to work something like this: A company would apply for a loan to pay the premiums on a life insurance investment vehicle without having to use the company's assets. The lender would use the proceeds of the loan to pay the life insurance premiums and would receive the interest from policies, while the insured would take a tax deduction for the interest. Over time, the policy would "generate sufficient cash values to pay off the loan and retain significant amounts of cash which could be used to provide income without the payment of any premiums by the policy owner." The clients alleged that in this case the interest turned out to be nondeductible, interest rates rose by almost 2 percent when the credit rating for the

3

insurance company was downgraded, and the policies did not perform well enough to defray other costs, which created a risk the policies would not be able to pay off the loan. The clients alleged that, based on the investment's poor performance and financial advisors' fraud, they had to surrender the insurance policies and sustained financial losses.

The loan agreement underlying the transaction included a forum selection clause stating that parties to the agreement submitted to "the exclusive jurisdiction" of the state or federal courts in Georgia. The loan agreement also stated that the parties to the agreement waived "NOW OR HEREAFTER" any objection "TO THE LAYING OF VENUE" in Georgia and the parties' right to argue Georgia was an inconvenient forum.

On October 20, 2017 three of the defendants, Global Financial Distributors, Inc., Allied Marketing Partners, and Alan Harrington (collectively Global Financial), filed a demurrer to the complaint and served written discovery. Before the court could hear the demurrer, however, the clients agreed to amend the complaint, and Global Financial withdrew its discovery requests. On December 15, 2017 the clients filed an amended complaint alleging various causes of action. On January 18, 2018 Global Financial demurred again.

On March 15, 2018 Global Financial filed a motion under section 410.30, subdivision (b), to enforce the forum selection clause in the loan agreement. The clients opposed the motion, arguing, among other things, the motion to enforce the forum selection clause was untimely under section 396b, subdivision (a), which provides that a defendant may file a motion to transfer venue of an action to a proper court in another county "at the time he or she answers, demurs, or moves to strike, or, at his or

4

her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint."

At the May 2, 2018 hearing on the motion to enforce the forum selection clause, the trial court provided the parties with a tentative ruling rejecting the argument the motion was untimely under section 396b because that statute governs transfer of an action to another county under California venue rules, not transfer of an action to another state pursuant to a forum selection clause. The trial court suggested, however, Global Financial waived its right to bring a motion to transfer based on the forum selection clause under section 418.10, subdivision (e)(3), which provides that failure to make a motion to transfer for inconvenient forum at the time of filing a demurrer or a motion to strike "constitutes a waiver of the issue[ ] of . . . inconvenient forum . . . ." The trial court continued the hearing to allow the parties to brief the issue.

At the continued hearing on June 7, 2018, the trial court denied Global Financial's motion as untimely. The trial court stated that, when Global Financial filed its "demurrer and failed to also make a motion to stay or dismiss on the ground of inconvenient forum under . . . section 418.10, subdivision (a)(2)," Global Financial "waived that issue." Although the court acknowledged section 410.30, subdivision (b), allowed a party to file a motion seeking to stay or dismiss an action after making a general appearance, the court ruled that filing a demurrer did not constitute a general appearance and that, where statutes conflict, the more specific statue (section 418.10, according to the court) controls over the more general statute.

Global Financial filed a petition for writ of mandate seeking to compel the trial court to vacate its order denying the motion as untimely and to consider the motion on the merits. We issued an order to show cause.

## DISCUSSION

A.     *The Doctrine of Forum Non Conveniens*

Forum non conveniens "is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751; see *Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000, 1005, fn. 2.) "'Where a plaintiff brings suit in California, the potential applicability of a contractual forum selection clause is raised by the defendant through a motion to dismiss on grounds of forum non conveniens.' [Citation.] 'A defendant may enforce a forum-selection clause by bringing a motion pursuant to sections 410.30 and 418.10, the statutes governing forum non conveniens motions, because they are the ones which generally authorize a trial court to decline jurisdiction when unreasonably invoked and provide a procedure for the motion.'" (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 214; accord, *Bushansky*, at p. 1005; *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680; see *Global Packaging, Inc. v. Superior Court* (2011) 196 Cal.App.4th 1623, 1633 ["[e]nforcement of forum-selection clauses is an offshoot of the principle of inconvenient forum"].)

6

As described, there is a potential conflict in the statutes governing the procedure for bringing a motion to stay or dismiss an action for inconvenient forum.  Section 418.10, subdivision (e)(3), suggests that, if a party fails to make the motion "at the time of filing a demurrer or motion to strike," the party "waive[s]" the issue.[2]  Section 410.30, subdivision (b), however, suggests a party can still make the motion after filing a demurrer or motion to strike, both of which constitute a general appearance (see section 1014; *Goodwine v. Superior Court* (1965) 63 Cal.2d 481, 484; *Borsuk v. Appellate Division of Superior Court* (2015) 242 Cal.App.4th 607, 615), because that statute states that the "provisions of [s]ection 418.10 do not apply to a motion to stay or dismiss the action by a defendant who has made a general appearance."  How can a party bring a motion under section 410.30 to stay or dismiss an action on the ground of forum non conveniens after making a general appearance if the moving party waived the issue under section 418.10 by making a general appearance?  One of the statutes appears to authorize what the other precludes.

---

[2]    "Although the statute phrases the '[f]ailure to make a motion under this section at the time of filing a demurrer' as a '*waiver* of the issue[ ] of . . . inconvenient forum' (§ 418.10[, subd.] (e)(3) . . .), a true 'waiver' requires more than a mere failure to act, but rather an *express* relinquishment of a known right. Accordingly, 'the correct term is "forfeiture" rather than "waiver," because the former term refers to a failure to object or to invoke a right, whereas the latter term conveys an express relinquishment of a right or privilege.'" (*Laboratory Specialists Internat., Inc. v. Shimadzu Scientific Instruments, Inc.* (2017) 17 Cal.App.5th 755, 761.)

B.    *The Two Statutes Are Reconcilable*

"When construing the interaction of two potentially conflicting statutes, we strive to effectuate the purpose of each by harmonizing them, if possible, in a way that allows both to be given effect." (*Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 986; see *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 634 ["[w]hen possible, courts seek to harmonize inconsistent statutes, construing them together to give effect to all of their provisions"]; *Manavian v. Department of Justice* (2018) 28 Cal.App.5th 1127, 1137-1138 ["'[i]nsofar as it is possible to do so, seemingly conflicting or inconsistent statutes will be harmonized so as to give effect to each'"]; *People v. Warren* (2018) 24 Cal.App.5th 899, 908 ["[w]hen two statutes regarding the same subject matter appear to conflict, our task is to harmonize the statutes"].) To the extent we can, we construe the two statutes "'with reference to each other and seek to harmonize them in such a way that neither becomes surplusage.'" (*Big Oak Flat-Groveland Unified School Dist. v. Superior Court* (2018) 21 Cal.App.5th 403, 423.)[3]

The court in *Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127 (*Britton*) interpreted section 410.30 and section 418.10 to resolve the conflict. The plaintiffs in that case filed an action in California following a helicopter crash in Idaho. After one of the defendants unsuccessfully moved to stay or dismiss the

_____

[3]    We review the trial court's interpretation of the statutes de novo. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1041; see *Compulink Management Center, Inc. v. St. Paul Fire & Marine Ins. Co.* (2008) 169 Cal.App.4th 289, 295.)

action for inconvenient forum, other defendants renewed the motion a year later following remand from federal court. The trial court granted the motion under section 410.30. (*Britton*, at pp. 131, 132, fn. 2.) The plaintiffs argued that under section 418.10, subdivision (e)(3), the defendants had waived the right to file the forum non conveniens motion because they did not file the motion within the time to file their initial responsive pleadings. (*Britton*, at pp. 132-133.)

In rejecting this argument, the court stated: "Under subdivision (b) [of section 410.30], a defendant who has generally appeared may make a forum non conveniens motion at any time, not only on or before the last day to plead." (*Britton*, *supra*, 153 Cal.App.4th at p. 133.) The court explained that, if "forum non conveniens motions may only be brought under section 418.10, then the separate authorization of such motions in section 410.30 is superfluous. [The plaintiffs'] construction renders section 410.30 "'redundant and a nullity, thereby violating one of the most elementary principles of statutory construction.'"" (*Britton*, at p. 134.) The court in *Britton* held: "Read together, [section 418.10 and section 410.30] provide that where a defendant has not appeared, section 418.10 applies and specifies the procedure for bringing a forum non conveniens motion. Section 410.30 applies after a defendant has appeared. So understood, section 418.10 provides special procedures for pre-answer forum non conveniens motions, but such motions are not precluded after a defendant has appeared. This is a reasonable rule because it may be necessary to conduct discovery to develop the factual underpinnings of a forum non conveniens motion." (*Britton*, at pp. 134-135, fns. omitted.) Thus, "[u]nder [section 410.30,] subdivision (b), a defendant who has generally appeared may

make a forum non conveniens motion at any time, not only on or before the last day to plead." (*Britton*, at p. 133.)

This interpretation is consistent with the statutory language. Section 418.10, subdivision (e)(3), states that a defendant's failure to make one of three specified motions (to quash service of summons for lack of personal jurisdiction, to stay or dismiss the action for inconvenient forum, or to dismiss for delay in prosecution) "under this section" at the time the defendant files a demurrer or motion to strike waives these "issues." A motion "under this section" is a motion filed and served "on or before the last day of [the defendant's] time to plead . . . ." (§ 418.10, subd. (a).) For a defendant that has made a general appearance, the "time to plead" has expired, and a motion to stay or dismiss on the ground of inconvenient forum at that point is not "under" section 418.10.

Limiting the application of the waiver provision of section 418.10, subdivision (e)(3), to defendants that have not yet made a general appearance is also consistent with another provision of section 418.10. (See *Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1250 ["[a]mbiguous statutory language is construed in context—that is, it must be read in conjunction with the other words of the section and in light of the statutory scheme as a whole"]; *City of Petaluma v. Cohen* (2015) 238 Cal.App.4th 1430, 1440 ["[i]n interpreting different provisions of a statute, 'we consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part'"].) Section 418.10, subdivision (e)(3), includes a motion to dismiss under section 583.310 for failure to bring a case to trial within five years as one of the motions a party may waive the right to bring by failing to make it at the time of filing a

10

demurrer.  (See § 418.10, subd. (a)(3).)  But a defendant must be able to file such a motion long after the defendant has filed (or failed to file) a demurrer.  Just as it "makes little sense" that a defendant could forever "waive" the right to move to dismiss for delay in prosecution by failing to make such a motion when the defendant filed its initial responsive pleading (Finley & McGuire, California Summary Judgment and Related Termination Motions (2018) § 6:84, pp. 6-86 through 6-87), it is not reasonable to interpret sections 410.30 and 418.10 to preclude a defendant from moving to stay or dismiss an action for inconvenient forum if the defendant did not make such a motion "at the time" it filed a demurrer or motion to strike.

The legislative history of sections 418.10 and 410.30 supports the *Britton* court's interpretation that the former statute applies before a defendant has appeared and the latter applies after a defendant has appeared.  (See *Turner v. Association of American Medical Colleges* (2011) 193 Cal.App.4th 1047, 1064 ["[b]ecause the ultimate goal is to effectuate the Legislature's intent [citation], courts should consider whether any legislative history provides insight into the legislative intent as to which statute prevails"]; *People v. Robinson* (2012) 208 Cal.App.4th 232, 258 [same]; see also *Sturm v. Moyer* (2019) 32 Cal.App.5th 299, 310 [where "the statutory language does not conclusively resolve the issue," we "must look to the legislative history to see if it discloses the legislative intent"].)  Section 418.10, subdivision (e)(3), postdates section 410.30, subdivision (b), and there is no indication in the legislative history that the Legislature intended section 418.10, subdivision (e)(3), to repeal section 410.30, subdivision (b), or that the Legislature even considered section 410.30, subdivision (b), when it enacted

11

section 418.10, subdivision (e)(3). (See *Big Oak Flat-Groveland Unified School Dist. v. Superior Court, supra,* 21 Cal.App.5th at p. 423 ["'[t]he law shuns repeals by implication,'" and "'[g]enerally, we will presume that the enactment of a statute does *not* impliedly repeal existing statutes'"].) Instead, the legislative history shows that the Legislature enacted section 418.10, subdivision (e)(3), to address a problem that had nothing to do with section 410.30, subdivision (b).

The Legislature codified the doctrine of forum non conveniens in 1969 by enacting section 410.30. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1186; see *Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036.) At the same time, the Legislature enacted section 418.10 "to permit a defendant specially to challenge the court's personal jurisdiction without waiving his right to defend on the merits by allowing a default to be entered against him while the jurisdictional issue is being determined." (*In re Marriage of Merideth* (1982) 129 Cal.App.3d 356, 363; see Sen. Com. on Judiciary, Analysis of Sen. Bill No. 503 (1969 Reg. Sess.), p. 3.) Section 418.10 permits a defendant challenging jurisdiction "to object on inconvenient forum grounds" if the defendant's "challenge to jurisdiction should be denied." (Judicial Council of Cal., com., reprinted at West's Ann. Code Civ. Proc. (2003 ed.) foll. § 418.10.)

In 1972 the Legislature amended section 410.30 to add subdivision (b). The Legislature enacted the new subdivision, as part of Senate Bill No. 573,[4] for a specific reason: "Subdivision

---

[4] We grant Global Financial's request to take judicial notice of the legislative history of section 418.10. We also take judicial notice of the legislative history materials concerning section

12

(a) of [section] 418.10, relating to special appearances, provides that the inconvenient forum motion may be made within the time to plead to the complaint, but no statutory provision either permits or prohibits later motions.  This lack of statutory direction has resulted in differing views at the trial court level. To correct this confusion, [the new legislation] will make it clear that the inconvenient forum motion may be made after the time for answering since in some instances the factual basis for the motion will not become known until after extensive investigation or discovery."  (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 573 (1972 Reg. Sess.) p. 2.)  The Chairman of the Assembly Committee on Judiciary presciently commented:  "Would it not be clearer to just state that notwithstanding [the] provision of [section] 418.10 a defendant may make a motion to dismiss an action on the grounds of inconvenient forum at any time[?]" (Assem. Com. on Judiciary, com. on Sen. Bill No. 573 (1972 Reg. Sess.) July 3, 1972, p. 1.)

In 2002 the Legislature amended section 418.10 to add subdivision (e) to make clear that a defendant can file one of the motions listed in subdivision (a) simultaneously with an answer, demurrer, or motion to strike without making a general appearance.  (See Legis. Counsel's Dig., Sen. Bill. No. 1325 (2001-2002 Reg. Sess.).)  The original version of the amendment limited the waiver provision in subdivision (e)(3) to jurisdictional issues. It stated:  "Failure to move to quash service of summons at the

---

410.30.  (Evid. Code, § 452, subd. (c); see *City of San Diego v. Shapiro* (2014) 228 Cal.App.4th 756, 776, fn. 17 ["appellate court may take judicial notice of legislative history materials on its own motion"].)

13

time of filing a demurrer or motion to strike constitutes a waiver of the issues of lack of personal jurisdiction, inadequacy of process, or inadequacy of service of process." The Legislature, however, expanded the scope of the waiver provision to include two additional motions, "motions to stay or dismiss an action on the ground of inconvenient forum and motions to dismiss for delay in prosecution," that the Senate Judiciary Committee believed, incorrectly, constituted special appearances. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1325 (2001–2002 Reg. Sess.) as introduced Jan. 29, 2002, p. 5; see *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 424 ["The original version of Senate Bill No. 1325 was limited to a motion to quash service of summons. To reduce confusion, the Senate Judiciary Committee recommended expanding Senate Bill No. 1325 to include other 'traditional' types of 'special appearances' that are set forth in subsection (a) of section 418.10, including motions to stay or dismiss an action on the ground of inconvenient forum and motions to dismiss for delay in prosecution."].)

Motions to stay or dismiss for inconvenient forum or for delay in prosecution, however, are not jurisdictional challenges and do not constitute special appearances. (See *Stangvik v. Shiley Inc.*, *supra*, 54 Cal.3d at p. 751 [motion to stay or dismiss for forum non conveniens is not a challenge to jurisdiction but a request for the court to decline to exercise jurisdiction it has]; *Sunrise Financial, LLC v. Superior Court* (2019) 32 Cal.App.5th 114, 126 ["a motion to dismiss on ground of inconvenient forum reflects a general appearance because it 'concedes jurisdiction' and 'asks the court to decline to exercise the jurisdiction it constitutionally has'"]; 3 Witkin, Cal. Procedure (5th ed. 2008)

14

Jurisdiction, § 227, p. 834 [a "motion to stay or dismiss the action on the ground of inconvenient forum [citation], although not a challenge to jurisdiction, is a request that jurisdiction be declined"].)  But the Legislature's misclassification of these two motions as special appearances further supports the *Britton* court's interpretation.  The history of the amendment shows the Legislature intended the waiver provision of section 418.10, subdivision (e)(3), to apply only to jurisdictional issues; the Legislature merely misunderstood which motions raised jurisdictional issues.

The procedural differences between sections 410.30 and 418.10 also support the *Britton* court's interpretation.  Section 410.30, which applies after the defendant has made a general appearance, does not give the defendant the procedural benefits of section 418.10, such as protection against the entry of default and an extension of time in which to plead.  But a defendant that has appeared and is moving to stay or dismiss based on an inconvenient forum usually does not need those protections.  As Witkin's treatise summarizes this difference:  "After a defendant has appeared, [section] 410.30 applies.  [Section] 418.10 provides special procedures for preanswer forum non conveniens motions, but such motions are not precluded after a defendant has appeared.  [Citation.]  Thus, under [section] 410.30, a defendant who has appeared (a) may make the motion at any time, rather than before the last day to plead ([§] 418.10[, subd.] (a)); (b) does not have the special protection against a default judgment ([§] 418.10[, subd.] (d)); and (c) does not have the remedy of mandamus to review an order of denial ([§] 418.10[, subd.] (c))."  (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 380, p. 1018.)

15

Finally, there are sound practical reasons for allowing a defendant to file a motion to stay or dismiss an action based on forum non conveniens after the party has made a general appearance by, for example, filing a demurrer. At the outset of the litigation, the parties may not know the location of the witnesses and evidence. (See *Global Packaging, Inc. v. Superior Court, supra*, 196 Cal.App.4th at p. 1633 [the "main concerns" of inconvenient forum are "the location where witnesses or documents can be found, crowded local courts, keeping down costs, the interests of each prospective forum in adjudicating the controversy"]; *Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 473 [forum non conveniens factors include "'the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses"].) Even where, as here, the forum selection clause is mandatory rather than permissive, so that the court does not consider the traditional public and private inconvenient forum factors,[5] the

---

[5] "A forum selection clause is either mandatory or permissive. A clause is mandatory if it requires the parties to litigate their disputes exclusively in the designated forum, and it is permissive if it merely requires the parties to submit to jurisdiction in the designated forum. A permissive forum selection clause is subject to traditional forum non conveniens analysis to determine whether the designated forum is a suitable alternative forum and whether the balancing of various private and public interest factors favors retaining the action in California. These traditional forum non conveniens factors are not considered when a mandatory forum selection clause exists." (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147, fn. 2.)

16

court must still determine whether enforcement of the clause would be unreasonable, whether the selected forum has a logical connection to the parties or their transaction, and whether there is a rational basis for the selected forum. (*Korman v. Princess Cruise Lines, Ltd.*, *supra*, 32 Cal.App.5th at pp. 215-216; *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147.) The parties may need to take discovery on these issues before they are able to file a motion to stay or dismiss based on inconvenient forum. (See W*illiamson v. Mazda Motor of America, Inc.* (2012) 212 Cal.App.4th 449, 454; *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1460-1462.)

C.   *The Trial Court's Contrary Interpretation Is Erroneous*

The trial court ruled section 418.10 applied to Global Financial's motion by mistakenly interpreting *Britton* as implying "that general appearances (for the purposes of applying . . . section 410.30, subdivision (b)) do *not* include the filing of a demurrer." Filing a demurrer, however, is a general appearance, and the court in *Britton* did not suggest otherwise. (§ 1014 ["[a] defendant appears in an action when the defendant . . . demurs"]; *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1028 ["[s]ection 1014 lists several acts that constitute an appearance by a defendant," which includes "filing [a] demurrer"].) Under section 410.30 and *Britton*, a defendant can file a forum non conveniens motion after the defendant has answered, demurred, or otherwise generally appeared. (*Britton*, *supra*, 153 Cal.App.4th at p. 134.)

This is not to say that a party, despite the court's expansive language in *Britton*, may move to enforce a forum selection clause

17

"at any time" (*Britton, supra*, 153 Cal.App.4th at p. 133), no matter how long, after making a general appearance.  To the contrary, a party must bring such a motion to enforce a forum selection clause within a reasonable time.  (See *Trident Labs, Inc. v. Merrill Lynch Commercial Finance Corp.* (2011) 200 Cal.App.4th 147, 155 [although "[s]ection 410.30 does *not* say that the motion may be brought 'at any time,'" where "no limits are stated, a reasonableness standard is necessarily inferred"].  Here, however, the trial court erred in ruling Global Financial's motion to enforce the forum selection clause was untimely solely because Global Financial filed the motion after making a general appearance.

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its June 7, 2018 order and to consider Global Financial's motion to enforce the forum selection clause on its merits.  Petitioners are to recover their costs in this proceeding.

SEGAL, J.

We concur:

PERLUSS, P. J.                    ZELON, J.

18

Filed 5/13/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GLOBAL FINANCIAL DISTRIBUTORS et al., <br><br> Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> ROSEMARY PERERA, individually and as Trustee, etc., et al., <br><br> Real Parties in Interest. | B291814 <br><br> (Los Angeles County Super. Ct. No. BC672524) <br><br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** (NO CHANGE IN JUDGMENT) |

THE COURT:

The opinion in this case filed April 16, 2019 was not certified for publication. Because the opinion meets the standards for publication specified in California Rules of Court,

1

rule 8.1105(c), the petitioner's request for publication under California Rules of Court, rule 8.1120(a), is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion be published in the Official Reports.

_____

PERLUSS, P.J.          ZELON, J.          SEGAL, J.