Filed 10/10/23 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EPICENTRx, INC. et al.<br><br>Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent;<br><br>EPIRx, L.P.,<br><br>Real Party in Interest. | D081670<br><br>(Super. Ct. No. 37-2022-00015228)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on September 21, 2023, be modified as follows:

1.  On page 16, footnote 7, is modified to read as follows:

7. In the proceedings below, the defendants argued EpiRx would not be entitled to a jury trial on any of its causes of action if the dispute were heard in California.  The trial court rejected this argument and the defendants did not challenge this determination in their appellate briefs.  At oral argument, however, the defendants claimed—for the first time on appeal— that EpiRx would not be entitled to a jury trial for any of its

causes of action in California. "It is not generally appropriate to consider a new contention raised for the first time at oral argument." (*McMillin Homes Construction, Inc. v. National Fire & Marine Ins. Co.* (2019) 35 Cal.App.5th 1042, 1056, fn. 7; see *Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 753 [new contention presented at oral argument forfeited].) We decline to address the defendants' belatedly raised argument.

2. On page 23, at the end of the first full paragraph, add as footnote 9, the following footnote:

9. After we issued our opinion in this case, the defendants filed a petition for rehearing in which they asserted a number of new arguments, including claims that: (1) the burden-shifting framework discussed herein is inapplicable because it purportedly applies only to California residents and EpiRx has not shown that it is in fact a California resident; (2) EpiRx is not entitled to a jury trial in California for any of its causes of action because this is a derivative action; and (3) proceeding with this case in the Delaware Court of Chancery would not deprive EpiRx of a jury trial because, in some circumstances, the Chancery Court may order factual issues to be determined by a jury. "Matters raised for the first time in a petition for rehearing are deemed waived." (*Samantha B. v. Aurora Vista Del Mar, LLC* (2022) 77 Cal.App.5th 85, 109; *In re D.L.* (2023) 93 Cal.App.5th 144, 166 ["A petition for rehearing is not the place to raise any argument ... for the first time."].) For this reason, we deem the defendants' new arguments forfeited.

There is no change in the judgment.

The petition for rehearing is denied.

McCONNELL, P. J.

Copies to: All parties

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EPICENTRx, INC. et al.,<br><br>    Petitioners,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>EPIRx, LP,<br><br>    Real Party in Interest. | D081670<br><br>(Super. Ct. No. 37-2022-00015228) |

ORIGINAL PROCEEDING in mandate challenging an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge. Relief denied.

Brown Neri Smith Khan, Todd A. Boock, Jill Ray Glennon; O'Hagan Meyer, David Davidson and Clint D. Robison for Petitioners EpicentRx, Inc., Tony Reid, Bryan Oronsky, Franck Brinkhaus, Scott Caroen, Meaghan Stirn and Rajan Kumar.

Cooley, Shannon M. Eagan, Angela Dunning and Rebecca Tarneja for Petitioners InterWest Partners VIII, L.P. and Khaled Nasr.

No appearance for Respondent.

Engstrom Lipscomb & Lack, Walter J. Lack and Steven C. Shuman for Real Party in Interest.

I

INTRODUCTION

In this writ proceeding, EpicentRx, Inc. (EpicentRx) and several of its officers, employees, and affiliates (collectively, the defendants) challenge a trial court order denying their motion to dismiss plaintiff-shareholder EpiRx, L.P.'s (EpiRx) lawsuit on forum non conveniens grounds. The defendants sought dismissal of the case based on mandatory forum selection clauses in EpicentRx's certificate of incorporation and bylaws, which designated the Delaware Court of Chancery as the exclusive forum to resolve shareholder disputes like the present case. The trial court declined to enforce the forum selection clauses after finding that litigants do not have a right to a civil jury trial in the Delaware Court of Chancery and, therefore, enforcement of the clauses would deprive EpiRx of its inviolate right to a jury trial in violation of California public policy.

We agree with the trial court that enforcement of the forum selection clauses in EpicentRx's corporate documents would operate as an implied waiver of EpiRx's right to a jury trial—a constitutionally-protected right that cannot be waived by contract prior to the commencement of a dispute. Thus, we conclude the trial court properly declined to enforce the forum selection clauses at issue, and we deny the defendants' request for writ relief.

2

## II

## BACKGROUND

EpicentRx is a Delaware biotechnology company headquartered in California. EpiRx is a minority shareholder of EpicentRx.

EpiRx filed a complaint in the Superior Court for San Diego County against EpicentRx; EpicentRx's largest shareholder, InterWest Partners, L.P. (InterWest); and officers, employees, and third parties related to EpicentRx and InterWest. EpiRx alleged certain defendants solicited money from investors in exchange for shares of EpicentRx, but siphoned off the investments for personal use and failed to deliver the shares promised to the investors. EpiRx alleged the defendants concealed the misappropriation of investor funds, made statements that were false or misleading in light of the misappropriation, failed to maintain accurate books and records, and improperly blocked EpiRx from accessing EpicentRx's books and records. Based on these averments, EpiRx sued the defendants for fraudulent concealment, promissory fraud, breach of contract, breach of fiduciary duty, and violations of California's Unfair Competition Law (UCL) (Bus. & Prof. Code, § 17200 et seq.). EpiRx demanded a jury trial on all claims to which the right to a jury trial attached.

EpicentRx and several related defendants moved to dismiss the complaint under Code of Civil Procedure section 418.10, subdivision (a)(2), based on forum selection clauses in the company's certificate of incorporation and bylaws.[1] The forum selection clauses identified the Delaware Court of Chancery as the exclusive forum in which EpicentRx shareholders may pursue four types of claims against EpicentRx and its directors, officers, and

---

[1]    Further undesignated statutory references are to the Code of Civil Procedure.

employees—(1) derivative claims, (2) breach of fiduciary duty claims, (3) claims under the Delaware General Corporation Law or EpicentRx's corporate documents, and (4) claims governed by the internal affairs doctrine.[2] InterWest and a related defendant joined the EpicentRx defendants' motion to dismiss.

The trial court declined to enforce the forum selection clauses and denied the motion to dismiss. It found EpiRx was, under California law, "entitled to [a jury trial] as a matter of right on its fraud claims"—a fundamental right that could not be waived through a predispute contractual

---

[2] EpicentRx's certificate of incorporation states, "Unless [EpicentRx] consents in writing to the selection of an alternative forum, the Court of Chancery in the State of Delaware shall be the sole and exclusive forum for any stockholder (including beneficial owner) to bring (i) any derivative action or proceeding brought on behalf of [EpicentRx], (ii) any action asserting a claim of breach of fiduciary duty owed by any director, officer or other employee of [EpicentRx] to [EpicentRx] or [EpicentRx's] stockholders, (iii) any action asserting a claim against [EpicentRx], its directors, officers or employees arising pursuant to any provision of the [Delaware General Corporation Law] or [EpicentRx's] certificate of incorporation or bylaws or (iv) any action asserting a claim against [EpicentRx], its directors, officers or employees governed by the internal affairs doctrine ...."

EpicentRx's bylaws provide, "<u>Exclusive Jurisdiction</u>. Unless [EpicentRx] consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of [EpicentRx], (ii) any action asserting a claim of breach of a fiduciary duty owed by any director, officer or other employee of [EpicentRx] to [EpicentRx] or [its] stockholders, or (iii) any action asserting a claim arising pursuant to any provision of the Delaware General Corporation Law or the Certificate or By-laws."

4

agreement such as a certificate of incorporation or bylaw.[3]  Further, the court found the forum selection clauses were de facto predispute jury trial waivers because they required the parties to litigate their dispute in the Delaware Court of Chancery, which does not guarantee a right to a jury.  Since the forum selection clauses had "the potential to contravene California's public policy protecting the right to a jury trial," the court placed on the defendants the burden of establishing that enforcement of the forum selection clauses would not diminish EpiRx's rights under California law.  Because the defendants failed to meet this burden, the court denied the motion to dismiss.

The defendants petitioned this court for a writ of mandate directing the trial court to vacate its order denying their motion to dismiss.[4]  We issued an order to show cause why the relief should not be granted, EpiRx filed a return, and the defendants filed a reply.

## III

## DISCUSSION

### A. *Choice of Law*

Before we assess the propriety of the order denying the defendants' motion to dismiss, we must address a preliminary issue—which state's law

---

[3]  "A certificate of incorporation is 'a contractual agreement between the corporation and its shareholders.' " (*Wong v. Restoration Robotics, Inc.* (2022) 78 Cal.App.5th 48, 61 (*Wong*); see also *Airgas, Inc. v. Air Products & Chemicals, Inc.* (Del. 2010) 8 A.3d 1182, 1188 ["Corporate charters and bylaws are contracts among a corporation's shareholders"].)

[4]  The defendants seeking writ relief from this court include EpicentRx, InterWest, Tony Reid, Bryan Oronsky, Franck Brinkhaus, Scott Caroen, Meaghan Stirn, Rajan Kumar, and Khaled Nasr.

governs the validity and enforceability of the forum selection clauses.[5]  The defendants contend "the validity of the Delaware forum [selection clauses are] governed by Delaware law under the internal affairs doctrine," and the forum selection clauses must "be enforced because they are valid under Delaware law ...."  EpiRx does not respond to EpicentRx's internal affairs argument.  However, it generally argues that California law dictates whether the forum selection clauses are "allowed."

"Under the internal affairs doctrine, California courts recognize that the law of the state of incorporation applies to an action that concerns the 'internal affairs' of corporations.  [Citation.]  '[I]nternal affairs' are 'matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders.'  [Citation.]  As a general matter, the validity of a certificate of incorporation, including the validity of its provisions, is a type of internal affair that is likewise governed by the law of the state of incorporation." (*Wong, supra*, 78 Cal.App.5th at pp. 74–75.)  As noted above, EpicentRx is a corporation chartered in Delaware.

We accept the defendants' contention that the internal affairs doctrine dictates that the law of the chartering state—here, Delaware law—governs the validity of the forum selection clauses.  (See *Wong, supra*, 78 Cal.App.5th at p. 75 [applying Delaware law to assess validity of federal forum provision in Delaware corporation's certificate of incorporation]; *Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 702 (*Drulias*), citing approvingly to *Boilermakers Local 154 Retirement Fund v. Chevron Corp.* (Del. Ch. 2013) 73 A.3d 934, 938 ["a foreign court that respects the internal affairs doctrine, as it must, when faced with a motion to enforce the bylaws will consider, as a

[5]    The parties do not direct us to any applicable choice of law provisions in EpicentRx's certificate of incorporation or bylaws, nor have we identified any choice of law provisions after an independent review of these documents.

6

first order issue, whether the bylaws are valid under the 'chartering jurisdiction's domestic law' "], fn. omitted; see also Grundfest & Savelle, *The Brouhaha Over Intra–Corporate Forum Selection Provisions: A Legal, Economic, and Political Analysis* (2013) 68 Bus. Law. 325, 330 (hereafter, *ICFS Provisions*) ["At the first level of scrutiny, the foreign court, respecting the internal affairs doctrine, applies the chartering jurisdiction's domestic law to judge the initial validity of the adoption of the [intra-corporate forum selection] provision"].)  Further, we assume for purposes of this appeal that the forum selection clauses in EpicentRx's corporate documents are valid under Delaware law. (*Boilermakers*, at p. 954 ["forum selection bylaws are statutorily valid under Delaware law"].)  EpiRx does not argue otherwise.

However, regardless of whether the forum selection clauses are valid, we must also decide whether the clauses are enforceable under the facts of the case before us. (*Wong, supra*, 78 Cal.App.5th at p. 61 ["If the [federal forum provision] is valid, applicable, and not unconscionable, the question remains whether enforcement of the [federal forum provision] is reasonable."]; see *Salzberg v. Sciabacucchi* (Del. 2020) 227 A.3d 102, 134 ["The question of enforceability is a separate, subsequent analysis that should not drive the initial facial validity inquiry."] (*Salzberg*).)  The forum court applies its own law to decide the question of enforceability.  (See *Drulias, supra*, 30 Cal.App.5th at pp. 702–703 [applying California law to decide enforceability of Delaware forum selection clause, even though Delaware law governed its validity]; see also *ICSF Provisions, supra*, at p. 330 ["At the second level of scrutiny, the foreign court applies its own law to determine whether the motion to enforce the [intra-corporate forum selection] provision should be granted."].)  Thus, as a California court, we

apply California law to decide whether to enforce the otherwise-valid forum selection clauses.

B. *Burden of Proof*

"Forum non conveniens 'is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere.' [Citations.] ' "Where a plaintiff brings suit in California, the potential applicability of a contractual forum selection clause is raised by the defendant through a motion to dismiss on grounds of forum non conveniens." [Citation.] "A defendant may enforce a forum-selection clause by bringing a motion pursuant to sections 410.30 and 418.10, the statutes governing forum non conveniens motions, because they are the ones which generally authorize a trial court to decline jurisdiction when unreasonably invoked and provide a procedure for the motion." ' " (*Global Financial Distributors Inc. v. Superior Court* (2019) 35 Cal.App.5th 179, 186.) Here, the defendants moved to dismiss the case under section 418.10.

Typically, when a party files a forum non conveniens motion, and the motion is not based on a forum selection clause, the adjudicating court must weigh " 'a gamut of factors of public and private convenience ....' " (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358.) However, these generally applicable factors do not control when the forum non conveniens motion is based on a forum selection clause. (*Drulias, supra*, 30 Cal.App.5th at p. 703.) Rather, the forum selection clause typically will be enforced, absent a showing that enforcement of the forum selection clause would be unfair or unreasonable. (*Berg*, at p. 358; see *Bushansky v. Soon-Shiong* (2018) 23 Cal.App.5th 1000, 1011, fn. 7 (*Bushansky*) [" '[I]f there is a mandatory forum selection clause, the test is simply whether application of

8

the clause is unfair or unreasonable, and the clause is usually given effect.' "].) "This favorable treatment is attributed to our law's devotion to the concept of one's free right to contract, and flows from the important practical effect such contractual rights have on commerce generally." (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 12 (*America Online*).)

"Nonetheless, 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.' " (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*); *Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 200 ["a forum selection clause will not be enforced if to do so would bring about a result contrary to the public policy of this state"]; see also, e.g., *G Companies Management, LLC v. LREP Arizona, LLC* (2023) 88 Cal.App.5th 342, 347 ["since California's usury law reflects a significant public policy designed to protect its citizens, our law precludes enforcement of a forum selection clause that will deprive a California resident of that protection"].)

"The party opposing enforcement of a forum selection clause ordinarily 'bears the "substantial" burden of proving why it should *not* be enforced.' [Citations.] That burden, however, is reversed when the claims at issue are based on unwaivable rights created by California statutes. In that situation, the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded ... under California law.' " (*Verdugo, supra*, 237 Cal.App.4th at p. 147.) This burden-shifting framework was applied in a trio of pertinent Court of Appeal cases that warrant some discussion here—*Wimsatt v. Beverly Hills Weight etc. Internat.,*

9

*Inc.* (1995) 32 Cal.App.4th 1511 (*Wimsatt*), *America Online, supra*, 90 Cal.App.4th 1, and *Verdugo, supra*, 237 Cal.App.4th 141.

In *Wimsatt*, weight loss clinic franchisees and their franchisor executed franchise agreements containing a Virginia choice of law clause and a forum selection clause designating Virginia as the exclusive forum for any suit brought by the franchisees. (*Wimsatt, supra*, 32 Cal.App.4th at pp. 1514–1515.) The franchisees later sued the franchisor in California state court for alleged violations of California's Franchise Investment Law (FIL) and, in an appeal following the dismissal of the franchisees' lawsuit, the Court of Appeal articulated the applicable burden-shifting framework. (*Id.* at pp. 1516, 1522.)

As the *Wimsatt* court explained, the FIL contained an anti-waiver provision that "void[ed] any provision in a franchise agreement which waive[d] any of the other protections afforded by the Franchise Investment Law." (*Wimsatt, supra*, 32 Cal.App.4th at p. 1520.) According to *Wimsatt*, "[the] forum selection clause ... carrie[d] the potential to contravene this statute by placing litigation in a forum in which there [was] no guaranty that California's franchise laws [would] be applied to a franchisee's claims." (*Ibid.*) Further, a forum applying a more restrictive set of remedies to a franchisee's claims would also "circumvent the antiwaiver statute" and "diminish[] substantive rights the franchisee would otherwise enjoy" under California law. (*Id.* at p. 1521.) Because California could not guarantee application of the FIL in the contract forum (Virginia), *Wimsatt* concluded our "courts must necessarily do the next best thing. In determining the 'validity and enforceability' of forum selection provisions in franchise agreements, [our] courts must put the burden on the franchisor to show that litigation in the contract forum will not diminish in any way the substantive rights afforded California franchisees under California law." (*Id.* at p. 1522.)

10

The *America Online* case concerned an Internet subscriber who filed a putative class action in a California state court against America Online, an Internet service provider, for allegedly charging subscribers without authorization in violation of California's Consumer Legal Remedies Act (CLRA). (*America Online, supra*, 90 Cal.App.4th at p. 5.) America Online moved to stay or dismiss the case based on a forum selection clause in the parties' terms of service agreement, which designated Virginia courts as the exclusive forum for litigation between the parties. (*Id.* at p. 6.) The trial court placed the burden of proof on America Online to show that enforcement of the forum selection clause would not diminish the substantive rights of California consumers, found that America Online failed to meet its burden, and denied America Online's forum non conveniens motion. (*Id.* at pp. 9–10.)

The *America Online* court affirmed the denial order. Relying on *Wimsatt*, the court held that the trial court properly shifted the burden of proof to America Online because the CLRA—similar to the FIL—"contain[ed] a provision that void[ed] any purported waiver of rights under the CLRA as being contrary to California public policy." (*America Online*, *supra*, 90 Cal.App.4th at pp. 4–5.) According to the *America Online* court, "the effect of transfer to a different forum ha[d] the potential of stripping California consumers of their legal rights deemed by the Legislature to be nonwaivable, [so] the burden [had to] be placed on the party asserting the contractual forum selection clause to prove that the CLRA's antiwaiver provisions [were] not violated." (*Id.* at p. 11.) After concluding that the burden of proof must be shifted to America Online, the court determined the trial court properly declined enforcement of the forum selection clause because it "would necessitate a waiver of the statutory remedies of the CLRA," in violation of California public policy. (*Id.* at p. 15.)

11

Lastly, in *Verdugo*, an employee brought various Labor Code claims in California state court against her employer, which moved to stay the lawsuit based on a forum selection clause in the parties' employment agreement requiring disputes to be heard in Harris County, Texas. (*Verdugo, supra*, 237 Cal.App.4th at pp. 145–146.) The trial court found the forum selection clause was enforceable and granted the employer's motion to stay. (*Id.* at p. 146.)

The *Verdugo* court reversed. (*Verdugo, supra*, 237 Cal.App.4th at p. 144.) As the court explained, specific provisions in the Labor Code (§§ 219 & 1194) barred employees from waiving their Labor Code rights and rendered contracts purporting to waive those rights unenforceable. (*Id.* at p. 150.) However, in light of the possibility that a Texas court might apply Texas law (rather than California law), the forum selection clause "ha[d] the potential to contravene [the] antiwaiver statute designed to protect California residents from business practices that do not meet Labor Code standards." (*Id.* at p. 151.) "[T]o prevent the forum selection clause from operating as a waiver of [the employee's] unwaivable Labor Code rights," the court "place[d] the burden on [the employer] to show enforcing the forum selection clause [would] not diminish [the employee's] substantive rights in any way." (*Ibid.*) Given the possibility a Texas court might apply Texas law, and the absence of any showing that Texas law afforded employees the same or greater rights than those guaranteed by the California Labor Code, the *Verdugo* court concluded the employer "failed to meet its burden to show enforcing the forum selection clause would not diminish the unwaivable statutory rights on which [the employee] base[d] her claims." (*Id.* at pp. 154–162.)

C. *The Handoush Case*

More recently, in *Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729 (*Handoush*), our colleagues in the First District Court of Appeal applied this burden-shifting framework in a case where one of the

parties, like EpiRx, opposed enforcement of a forum selection clause on grounds that it threatened to diminish his unwaivable right to a civil jury trial in violation of California public policy. The plaintiff, a lessee of credit card processing equipment, sued the lessor of the processing equipment for fraud and UCL violations. The lessor moved to dismiss the complaint based on a forum selection clause in the parties' lease agreement designating New York as the forum for any dispute between the parties. (*Id.* at pp. 732–733.) The forum selection clause also contained a New York choice of law provision and an express jury trial waiver. (*Id.* at p. 732.) The trial court granted the lessor's motion to dismiss and enforced the forum selection clause contained in the parties' lease agreement. (*Id.* at p. 733.)

The *Handoush* court reversed the order granting the motion to dismiss and held the forum selection clause in the parties' lease agreement was unenforceable. (*Handoush, supra*, 41 Cal.App.5th at p. 741.) In deciding which party bore the burden of proof, the court acknowledged the lessee's claims were "not based upon a statutory scheme which includes an antiwaiver provision like the claims at issue in *Wimsatt, America Online*, and *Verdugo*." (*Id.* at p. 736.) Nonetheless, the court determined the lessor bore the burden of proving that enforcement of the forum selection clause would not diminish the rights of California residents in violation of our State's public policy. (*Id.* at p. 737.) It based this conclusion on the fact that the lessee demanded a jury trial and, pursuant to the Supreme Court's decision in *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944 (*Grafton*), a party may not waive her civil jury trial right through a predispute contract. (*Handoush,* at p. 737.)

"Article I, section 16 of the California Constitution states the right to trial by jury is 'an inviolate right,' and '[i]n a civil cause a jury may be waived

13

by the consent of the parties as prescribed by statute.' Section 631 of the Code of Civil Procedure states, 'The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (f).' (Code Civ. Proc., § 631, subd. (a).) Subdivision (f) enumerates six actions by a party that will waive trial by jury, including '[b]y written consent filed with the clerk or judge.' (*Id.*, subd. (f)(2).) *Grafton* discusses California's constitutional history and states that the right to a jury trial in California is 'fundamental,' 'inviolate,' and 'sacred.' [Citation.] Our high court held that the waiver methods specified in Code of Civil Procedure section 631 are exclusive and they apply only after a lawsuit has been filed. [Citation.] Section 631 does not authorize predispute waivers of the right to jury trial by parties who submit their disputes to a judicial forum, and, therefore, the court may not enforce such waivers." (*Handoush, supra*, 41 Cal.App.5th at p. 736.) "*Grafton* instructs that because the right to jury trial in California is a fundamental right that may only be waived as prescribed by the Legislature, courts cannot enforce predispute agreements to waive a jury trial." (*Ibid.*)

The *Handoush* court then assessed whether California's predispute jury waiver rule was substantive or procedural, given that "*Wimsatt, America Online*, and *Verdugo* apply burden shifting in order to protect substantive rights under California law ...." (*Handoush, supra*, 41 Cal.App.5th at p. 737.) The court noted that our State's predispute jury waiver rule contained both substantive and procedural elements. On the one hand, the " 'rule—which allocates tasks between a judge and a jury—describes "merely a form and mode of enforcing" the law,' " which suggests it is procedural in nature. (*Id.* at p. 738.) On the other hand, the "rule on pre-dispute jury trial waivers

14

embodies the state's substantive interest in preserving the "right to a jury trial in the strongest possible terms" [citation], an interest the California Constitution zealously guards, see Cal. Const. art. I, § 6 ....' " (*Ibid.*)  On balance, the *Handoush* court was persuaded the predispute jury waiver rule was "substantive [in] nature ...." (*Id.* at p. 739.)  But the court also concluded that, "even if this rule is considered procedural, it is ' "intimately bound up with the state's substantive decision making" ' and it ' "serve[s] substantive state policies" ' of preserving the ' "right to a jury trial in the strongest possible terms" [citation], an interest the California Constitution zealously guards [citation].' " (*Ibid.*)  In either event, the court held that the burden of proof must be placed on the lessor, the party seeking to enforce the forum selection clause.  Because the lessor failed to satisfy that burden of proof, the *Handoush* court reversed the order granting the lessor's motion to dismiss. (*Ibid.*)

D. *The Trial Court Did Not Err When it Declined to Enforce the Forum Selection Clauses*

Pursuant to *Handoush*, we conclude the trial court in the present case did not err in allocating to the defendants the burden of proving that enforcement of the forum selection clauses in EpicentRx's corporate documents would not diminish EpiRx's rights under California law, finding that the defendants failed to satisfy this burden of proof, and therefore denying the motion to dismiss on forum non conveniens grounds.[6]

---

[6]     "[T]here is a split of authority in the appropriate standard of review to apply in reviewing an order to enforce a forum selection clause," with the majority of courts applying an abuse of discretion standard of review and a minority of courts applying the substantial evidence standard of review. (*Schmidt v. Trinut Farm Management, Inc.* (2023) 92 Cal.App.5th 997, 1006 [collecting cases].)  We need not take a position on this issue because we conclude the trial court did not err under either standard of review.

15

As discussed in *Handoush*, article I section 16 of the California Constitution guarantees all civil litigants in our State an "inviolate right" to a jury trial and permits a waiver of that right only "as prescribed by statute." (Cal. Const., art. I, § 16; *Handoush, supra*, 41 Cal.App.5th at p. 736.) The relevant statute, section 631, prescribes just six means by which a jury trial may be waived or forfeited. (§ 631, subds. (a), (f); *Handoush*, at p. 736.) And, in *Grafton*, the Supreme Court concluded section 631 "do[es] not permit predispute jury waivers," meaning such waivers are unenforceable. (*Grafton, supra*, 36 Cal.4th at p. 967; *id.* at pp. 956–961.)

EpiRx demanded a jury trial and, on appeal, there is no dispute that it would be entitled to a jury trial in California for at least some of its claims—specifically, its fraudulent concealment, promissory fraud, and breach of contract causes of action.[7] However, the forum selection clauses in EpicentRx's corporate documents designate the Delaware Court of Chancery as the exclusive forum in which EpiRx may pursue its claims against EpicentRx and its directors, officers, and employees. EpiRx would not be entitled to a jury trial in the Delaware Court of Chancery, which sits as a court of equity. (See *Preston Hollow Capital LLC v. Nuveen LLC* (Del. Ch. 2019) 216 A.3d 1, 11, fn. 64 ["historically, a jury trial was available in the Court of Chancery; however, '[a] jury trial in Chancery is advisory only. ... In other words, to the extent a jury in the Court of Chancery is not extinct, it is a vestigal structure, more evocative of the human appendix or coccyx than that vital organ, the Superior Court petit jury"]; *Pennzoil Co. v. Getty Oil Co.* (Del. Ch. 1984) 473 A.2d 358, 364 ["there is no right of a litigant to a trial by

_____

7      In the proceedings below, the defendants argued EpiRx would not be entitled to a jury trial on *any* of its causes of action if the dispute were heard in California. The trial court rejected this argument and the defendants do not challenge this determination on appeal.

16

jury in the Delaware Court of Chancery"].) Thus, we agree with the trial court's finding that the forum selection clauses in EpicentRx's corporate documents threaten to operate as contractual predispute jury trial waivers.

"[B]ecause enforcement of the forum selection clause here has the potential to contravene a fundamental California policy of zealously guarding the inviolate right to a jury trial, which is unwaivable by predispute agreements, [the defendants] bear[] the burden of showing that litigation in [Delaware Chancery Court] 'will not diminish in any way [EpiRx's] substantive rights ... under California law.' " (*Handoush, supra*, 41 Cal.App.5th at p. 739.) The defendants do not even try to satisfy their burden of showing that litigation in the Delaware Court of Chancery would not diminish EpiRx's rights under California law. Having failed to satisfy their burden, the defendants have not established that the trial court erred when it declined to enforce EpicentRx's forum selection clauses.

Although the defendants do not try to satisfy their burden within the burden-shifting framework just discussed, they assert several arguments why the forum selection clauses nonetheless should be enforced. Preliminarily, they argue the *Handoush* case is distinguishable from the present case because the forum selection clause at issue in *Handoush* included an express jury trial waiver, whereas the jury trial waivers here are merely implied by the fact that the parties must litigate their dispute in the Delaware Court of Chancery. We do not view the implied nature of the jury trial waivers under consideration here to be material. As all parties agree, the forum selection clauses in EpicentRx's corporate documents, as a practical matter, operate as implied predispute waivers that will deprive EpiRx of its right to a jury trial. To uphold these jury trial waivers, simply because they are not expressly spelled out in text, "would be to 'condone a result which, although directly

17

prohibited by the [State], may nevertheless be indirectly accomplished through the imagination of inventive minds.' [Citation.] We will not do so." (*Ridgley v. Topa Thrift & Loan Assn.* (1998) 17 Cal.4th 970, 982.)

Further, where the enforcement of a forum selection clause may cause a litigant to waive her unwaivable rights in contravention of California public policy, case law instructs that it is irrelevant whether the waiver is express or implied. In *Verdugo*, for example, the court rejected the defendant's claim that the burden-shifting framework discussed in *Wimsatt* and *America Online* was inapplicable because the plaintiff "did not expressly agree to waive her rights under the Labor Code; she merely agreed to litigate her claims in Texas." (*Verdugo, supra*, 237 Cal.App.4th at p. 152.) As the *Verdugo* court explained, this claim "misses the point. *Wimsatt* and *America Online* also involved contractual provisions that designated an exclusive forum for litigation without an express waiver of [a party's unwaivable] rights ...." (*Ibid.*) "Those courts nonetheless found the burden of proof rested on the party seeking to enforce the forum selection clause because the clause *operated* as a waiver of California statutory rights if the court in the designated forum did not apply California law and the law in the forum did not provide equivalent rights." (*Ibid.*, italics added; see also *ibid.* ["Here, the forum selection clause has the potential to *operate* as a waiver, and therefore [the proponent of the clause] bears the burden to show it does not."], italics added.) Likewise, the forum selection clauses in EpicentRx's corporate documents threaten to operate as an implied waiver of EpiRx's rights.

The defendants also argue we should enforce EpicentRx's forum selection clauses because there is no indication in the appellate record that EpicentRx adopted the clauses at issue with the intent to impinge upon the unwaivable jury trial rights of its shareholders or any other parties that

18

might be subject to the clauses. They emphasize that Delaware corporations like EpicentRx incorporate Delaware forum selection clauses into their corporate documents for reasons that have nothing to do with evading jury trials. Sometimes, they may do so " 'to achieve judicial economy and avoid duplicative efforts among courts in resolving disputes.' " (*Salzberg, supra*, 227 A.3d at p. 137.) Other times, they may do so to ensure disputes are heard by courts with special expertise in, and familiarity with, corporate governance matters. (*Id.* at p. 120 [Delaware courts have an "interest and expertise in corporate law"]; see *In re Topps Co. Shareholders Litigation* (Del. Ch. 2007) 924 A.2d 951, 958, fn. 24 [" 'For the[] chancery court judges their experience, both prior to and after becoming judges, gives them an unmatched expertise in the field of corporate law.' "].) Still other times, they may adopt Delaware forum selection clauses to minimize the possibility of forum shopping by opportunistic plaintiffs.

We do not question EpicentRx's contention that corporations adopt forum selection clauses in their corporate documents for all sorts of reasons. Nor do we doubt that forum selection clauses can benefit the parties subject to them in many of the ways EpicentRx identifies. But those factors, in our view, do not change the outcome. In *Grafton*, the Supreme Court did not create a carve-out sanctioning predispute jury trial waivers so long as the parties execute a jury trial waiver for a good reason, like promoting efficiency or ensuring their cases are heard by judges with special legal expertise or experience. Rather, *Grafton* categorically held that predispute jury trial waivers are unenforceable because the Legislature omitted them from section 631, which prescribes the exclusive ways civil litigants may waive their rights to a civil jury trial. (*Grafton, supra*, 36 Cal.4th at pp. 951–961.)

19

Similarly, the *Handoush*, *Verdugo*, *America Online*, and *Wimsatt* courts did not scrutinize the subjective reasons the defendants in those cases adopted their forum selection clauses. Instead, they analyzed the practical effects of the forum selection clauses to determine whether their enforcement threatened to diminish the unwaivable rights of the parties that were subject to those clauses. Following that approach here, our focus is on the practical impact EpicentRx's forum selection clauses will have on EpiRx's unwaivable rights, not the reasons EpicentRx purportedly adopted the clauses in the first place, or the secondary benefits that might flow from their enforcement. As discussed above, the defendants bore the burden of proving that enforcement of the forum selection clauses would not substantially diminish EpiRx's unwaivable rights under California law. They did not meet that burden.

Next, the defendants claim our State's rule against predispute jury trial waivers does not apply where, as here, parties have agreed to remove their dispute from the California judicial system. In particular, they emphasize that California courts do not apply the predispute jury waiver rule when they consider the enforceability of arbitration agreements, even though such agreements mandate the submission of disputes to arbitrators in lieu of juries within the California judicial system. (*Grafton, supra*, 36 Cal.4th at p. 945; *Pinnacle Museum Tower Assn.* (2012) 55 Cal.4th 223, 245 (*Pinnacle Museum*).) According to the defendants, the rule against predispute jury trial waivers is similarly inapplicable here because the parties agreed to remove their disputes from the California judicial system.

We do not read California's rule against predispute jury waivers as narrowly as the defendants do. As the Supreme Court has explained, the predispute jury waiver rule does not apply in the case of arbitration agreements because they " 'represent an agreement to avoid the judicial

20

forum altogether.'" (*Pinnacle Museum, supra*, 55 Cal.4th at p. 245, quoting *Grafton, supra*, 36 Cal.4th at p. 945; see also *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662, 682 [parties to an arbitration agreement agree "to forgo the legal process and submit their disputes to private dispute resolution"].)  But a forum selection clause is not an agreement to avoid the judicial forum altogether.  Rather, it is agreement to submit disputes *to* a designated judicial forum—in the present case, a judicial forum in Delaware.  Because the parties to a forum selection clause agree to have their disputes resolved in a judicial forum, rather than withdrawing the dispute from the judicial forum altogether, the rule against predispute jury waivers applies.

Finally, the defendants urge us to grant writ relief directing the trial court to dismiss the dispute and enforce the forum selection clauses because California courts "regularly enforce" Delaware forum selection clauses in corporate documents.  In support of this claim, the defendants cite *Grove v. Juul Labs, Inc.* (2022) 77 Cal.App.5th 1081, *Drulias, supra*, 30 Cal.App.5th 696, and *Bushansky, supra*, 23 Cal.App.5th 1000.  These decisions do not require enforcement of the forum selection clauses.  None of these decisions considered whether the enforcement of a Delaware Court of Chancery forum selection clause threatened to diminish a party's unwaivable right to a jury trial.  " ' "[C]ases are not authority for propositions not considered." ' "  (*B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11; see also *People v. Brooks* (2017) 3 Cal.5th 1, 110 ["It is axiomatic that a case is not authority for an issue that was not considered."].)

In conclusion, the trial court properly declined to enforce the forum selection clauses because they constituted implied predispute jury trial waivers—waivers of an inviolate, fundamental, and constitutionally-

21

protected right. Such waivers are unenforceable under *Grafton, supra*, 36 Cal.4th 944. The defendants did not establish that EpiRx's rights under California law would remain undiminished by the enforcement of the forum selection clauses, nor did they demonstrate that other considerations warrant enforcement of the forum selection clauses. Thus, we decline to instruct the trial court to vacate its order denying the motion to dismiss.[8]

E. *The Trial Court Did Not Err When It Declined to Dismiss the Breach of Fiduciary Duty and UCL Causes of Action*

As noted, the trial court denied the motion to dismiss and declined to enforce the forum selection clauses for any of EpiRx's causes of action, including its breach of fiduciary duty and UCL causes of action. The defendants assert the court erred in declining to enforce the forum selection clauses as to these two causes of action, at minimum, given that EpiRx would not be entitled to a jury trial for them in California.

We discern no error. As the trial court found, a partial dismissal of claims would create inefficiencies by requiring the parties to litigate their dispute in multiple fora on opposite ends of the country and, furthermore, it would create a risk of inconsistent findings rendered by different courts. Faced with the risk of these inefficiencies and inconsistencies, the trial court acted properly when it denied the forum non conveniens motion in full. (See

_____

[8] The Supreme Court has granted review in *Gerro v. Blockfi Lending LLC*, review granted September 14, 2022, S275530, which, like the present case, concerns the enforceability of a Delaware forum selection clause in a contract. Currently, the *Gerro* case is subject to an automatic stay due to the filing of a bankruptcy petition.

The parties ask us to draw competing inferences from the Supreme Court's grant of review in *Gerro*. We decline their invitation. "In granting a petition for review, the court decides only to accept the case and to address one or more of the issues tendered for review—this is *not* a decision on the merits of any issue as to which the court grants review." (*Rittiman v. Public Utilities Com.* (2022) 80 Cal.App.5th 1018, 1030.)

*Handoush, supra*, 41 Cal.App.5th at pp. 740–741 [reversing order dismissing complaint pursuant to mandatory forum selection clause because forum selection clause included a predispute jury trial waiver, even though plaintiff was "not entitled to a jury trial for his equitable claims"].)

## IV

## DISPOSITION

The petition for writ of mandamus is denied.  Real party in interest EpiRx, L.P. is awarded its costs on appeal.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


O'ROURKE, J.

23